BENJAMIN H. DOSS, Plaintiff in Error, vs. DAVID WAGGONER, Defendant in Error — Writ of Error from Lamar County.
B. H. DOSS, Plaintiff in Error, vs. FELLOWS & JOHNSON, Defendants in Error — Same.

Although the constitution requires that there should be two sessions of the district court in the several counties annually, it confers no discretion on the judge as to the time and manner in which these courts shall be holden. They must be prescribed by law; and if but one session be directed, there is no power in the judiciary to order another at a time and in a manner not provided for by the statutes. [*Contra*, 7 Tex. 1; 17 Tex. 1.]

HARRIS for plaintiff in error.

Judgment in these cases was rendered on the 15th day of May, 1848, being the sixth day of the spring term, 1848, for the county of Lamar. The court, then, must have commenced its session on the 8th day of May, 1848.

"An act to define the times for holding the district courts in the fifth, sixth, and eighth judicial districts," approved March 18, 1848, provides as follows, to wit: "In Lamar county on the third Monday in April and October, and may continue two weeks." This law went into force forty days after the adjournment. By the certificate of the secretary of state appended to the published volume of laws of the last legislature, it appears that that body adjourned on the 20th March; consequently the law went into operation on the first day of May, just one week before the meeting of the court in Lamar. The error is manifest.

WILLIAMS and MILLWEE for defendants in error.

Chief Justice HEMPHILL delivered the opinion of the court.

The ground of alleged error is common to the judgments in the above causes, viz.: that they were rendered by the district court at a time when, by law, that court had no power to hear and determine causes.

At the first session of the legislature of the state, the district court was directed to be holden in the county of Lamar on the ninth Monday after the first Monday in March, and the third Monday in September. [1 vol. State Laws, p. 275.]

At the last session, the times of holding this court were

changed to the third Mondays in April and October [2 vol.
State Laws, p. 135], and this session of the legislature was ad-
journed on the 20th March, 1848. By a general law approved
16th January, 1840 [pp. 6 and 7, 4 vol. Laws], statutes do not
become of force until forty days after the adjournment of the
legislature by which they are adopted, unless in the act itself
some other time is specified for its commencement.

Under this rule, the law of the last session went into effect
on the first day of May, at which period the time prescribed
for the spring session of the court had already passed; and it
is contended that, as the constitution requires district courts
to be holden in each county at least twice each year, that the
judge was authorized to hold the spring term of the court at
the time prescribed by the former law, viz.: on the ninth Mon-
day after the first Monday in March.

The constitution, although requiring that there should be two
sessions of the district court in the several counties annually,
confers no discretion on the judge as to the time and manner
in which these courts shall be holden. They must be pre-
scribed by law; and if but one session be directed, there is no
power in the judiciary to order another at a time and in a
manner not provided for by the statutes.

The court had no jurisdiction to try and determine causes at
the time these judgments purport to have been rendered.
There was, in fact, no court in session, and no judgments could
by law have been pronounced; and, consequently, they are not
only absolute nullities, in the ordinary signification of the term,
when applied to judgments of courts having no jurisdiction
over the subject matter of the parties, but they are not even
the acts of a court, and are, therefore, not susceptible of ap-
peal or the subjects of revision in an appellate tribunal.

This distinction has been recognized in the cases of Hodges
vs. Ward & Ingram [Texas Reports, vol. 1. p. 244], Baker et
al. vs. Chisholm et al., decided at this term [vide 23 Picker-
ing].

The appellant has mistaken his remedies, if any were re-
quired against these pretended judgments; and it is ordered
that the causes be stricken from the docket at his costs.