## EX PARTE CHARLES JUNEMAN ET AL.

### No. 6836.    Decided May 3.

**Terms of the Criminal District Court of Galveston County.** — By provision of article 1502 of the Revised Statutes, the March Term, 1890, of the Criminal District Court of Galveston County commenced on the first Monday of that month, and, as under the said article it could not continue beyond four weeks, it expired at 12 o'clock on the night of Saturday, March 29, 1890.    After that hour it had no existence as a court for that term, and could enter no order, judgment, ruling, decree, or sentence from which an appeal would lie to the appellate court.    To avoid a verdict and sentence received and pronounced on Sunday morning after the expiration of the term, the relators in this case, being without appeal, resort to this court for the writ of *habeas corpus*. *Held*, that the proceeding is correct, and the writ must be granted    But see the opinion *in extenso* on the question.

HABEAS CORPUS on original application to the Court of Appeals from Galveston County.

The opinion discloses the case.

*Waul & Walker* and *J. B. & C. J. Stubbs*, for the relators. — 1.   Applicants have not been tried or convicted, because the jury found and brought in their verdict after the term of the court had expired, and the acts of the judge in receiving the verdict and in rendering and entering up judgment were *coram non judice*.

The terms of the Criminal District Court for Galveston County are expressly limited by statute as to time of commencement and ending. The statute, article 1502, Revised Statutes, expressly provides:   "Said judge shall hold a term of said court in the city of Galveston on the first Mondays in the months of January, March, etc., and at such other times as such judge may order and appoint," thereby seemingly giving power for special terms to be held if the court should order and appoint such special term, which was not done here, the record showing that the March Term ended or was adjourned on March 31, 1890, thereby negativing the idea of a special term.   The statute further provides that "the terms of said courts may continue four weeks," etc., thereby expressing that no term can continue longer than four weeks.

The March Term, 1890, began by law on Monday, March 3, and the fact, shown by the record, that the judge held his first session on the 4th could not extend the term beyond four weeks from Monday, the 3d, viz., Saturday night, March 29, at 12 p. m.    Otherwise it might be contended that, if the judge actually began his session the second or third week, the term would be prolonged correspondingly, which involves an absurdity.

Language identical with that of this statute has received direct interpretation by our Supreme Court in Harper v. The State, 43 Texas, 431.

It clearly decides that a term ends on Saturday night of the last week, and that a judgment entered after the expiration of the term is void.

The article therein referred to (796, Revised Statutes) can not be otherwise construed than to mean that the term ends on Saturday night. It provides in effect that the term "must adjourn" at 12 p. m. of Saturday of the last week, and provides for the only contingency when the court may be held open and judicial acts performed after expiration on Saturday, viz., when the verdict is returned into court between 6 p. m. and 12 p. m. of Saturday night.

This question has also been passed upon by the Court of Appeals in Shearman v. The State, 1 Texas Ct. App., 215. In the case last cited the point was made that the verdict was received on Sunday. The court held that a verdict might be simply received on a Sunday which fell during the term, and drew the distinction expressly between an act done on Sunday in the midst of a term time, and an attempted judicial act done after the term in any other case than when the verdict is rendered within six hours before adjournment by limitation. The court says directly: "'The Sunday upon which the proceedings complained of were had was in the very midst of the regular term of court, and not the Sunday immediately following or succeeding the expiration of the regular term," thereby saying as plainly as can be expressed that the regular term expires on Saturday, and that the following or succeeding Sunday is after its expiration.

These two cases, the one by the Supreme Court and the other by this court, seem to settle definitely that the term of court expired on Saturday night, March 29, and that any action of the court afterwards on the following Sunday was consequently a nullity.

2.     The other manifest error in the action of the court was rendering and recording the judgment on Sunday.

The case of Shearman v. The State, 1 Texas Court of Appeals, 215, was reversed on that ground, even though rendered in the midst of the term. The court says "a judgment can not be entered of record on Sunday," and approves the language of the court in Baxter v. The People, 3 Illinois (Gilm.), 386, to the effect that though a verdict may be received on Sunday, "it is not a judicial day for the purpose of rendering any judgment, and if it attempt to render a judgment, still in law it would be no judgment, but absolutely void," etc.

This court held in the case last cited that though the verdict may be received on Sunday, the judgment can not be rendered and entered on that day, and that such a judgment is absolutely void and a nullity. It follows that the applicants are not held by any legal judgment or order of court, and that they are illegally restrained.

3.     The court should grant the writ of *habeas corpus*, and enlarge the

applicants on their bonds, they never having been convicted and no judgment having been rendered against them.

This case widely differs from Ex Parte Fuller and Wimberly, 19 Texas Court of Appeals, 241. There the application was made on a ground *dehors* the record, and defendant, upon proof necessarily to establish the fact, alleged, viz., that the grand jury was an illegal one; and in that case there was a judgment rendered by a court having jurisdiction. Here the record shows no conviction, and that a void judgment, equivalent to no judgment, has been attempted to be rendered, and that therefore there is no legal authority on which to hold them. The decisions are uniform to the effect that the writ may be used to relieve from restraint under a void judgment or order, or under any proceeding which is absolutely void. Ex Parte McGrew, 40 Texas, 477; Ex Parte Kilgore, 3 Texas Ct. App., 247; Ex Parte Mato, 19 Texas Ct. App., 112; Ex Parte Slaren, 3 Texas Ct. App., 662; Ex Parte Grace, 9 Texas Ct. App., 381; Perry v. The State, 41 Texas, 488.

Doss v. Waggoner, 3 Texas, 515, holds that a pretended judgment rendered by a court at a time when it was not authorized to sit is not the act of a court. The opinion says: "There was in fact no court in session, and no judgments could by law have been pronounced, and consequently they are not only absolute nullities in the ordinary signification of the term when applied to courts having no jurisdiction over the subject matter or the parties, but they are not even the acts of the court, and are therefore not susceptible of appeal or the subjects of revision in an appellate tribunal."

*W. L. Davidson*, Assistant Attorney-General, for the State.

HURT, JUDGE.—The terms of the Criminal District Court for Galveston County are limited as to time of commencing and ending by article 1502 of the Revised Statutes. That article provides that "said judge shall hold a term of said court in the city of Galveston, county of Galveston, on the first Mondays in the months of January, March, May, July, and November. * * * The terms of said courts may contiue four weeks, unless business be sooner disposed of."

The first Monday of March, 1890, is made the first day, or the beginning day for the March term.

Applicants being indicted in the Criminal District Court of the city and county of Galveston, were placed on trial on the 24th day of March, 1890. The trial continued without verdict of the jury until Sunday morning, March 30, 1890, between the hours of seven and eight o'clock a. m., when the jury returned a verdict finding the applicants W. T. Allen, Henry Weyer, and Fred Koehler guilty of murder of the second degree, and Charles Juneman guilty of manslaughter.

On the same day, March 30, 1890, applicants moved in arrest of judgment upon the ground that no legal judgment could be entered, because the verdict was returned into court on Sunday, March 30, after the term had expired.

On the 31st day of March the motion was overruled and judgment entered and sentence pronounced.

Until placed on trial applicants were under bonds, which appear among the papers in this case.

Believing the verdict and judgment thereon to be void, and believing that they have no appeal to this court, the applicants have presented to this court their application for the writ of *habeas corpus*, seeking to have said verdict and judgment declared void, and to be released upon their bonds.

If these applicants have or had the right to appeal their case to this court, the writ will not be awarded. Does an appeal lie under the above facts? is the first question.

Preliminary to this, another question arises, which is, when did the term of the court expire? This question arose in Harper v. The State, 43 Texas, 431. Gould, Justice, says: "We are of opinion that the two weeks during which the term might continue ended at 12 o'clock on the night of Saturday, March 20. The rule of the common law forbids any judicial act on the Sabbath. (Citing Nabors v. The State, 6 Ala., 203; Barton v. The People, 3 Gillam, 368; Story v. Elliot, 8 Cow., 27.) The well established usages of the people and courts of this and the other States of the Union require that the word 'week' be construed as embracing only the six judicial days of the final week of the term. If, however, we look to our statute alone, it is evidently intended that the court should end on Saturday night. Article 3150, Paschal's Digest, is, 'If at the time a verdict is returned into court there be less than six hours remaining before the court must by law adjourn, it shall be lawful, and shall be the duty of the district judge to sit during the whole of Saturday night and Sunday for the purpose of enabling the defendant to move for a new trial, or in arrest of judgment, and prepare his case for the Supreme Court.' In thus providing for a particular case in which the court may continue for certain purposes beyond the time it must otherwise adjourn, it is plain that an adjournment on Saturday night is intended."

This opinion and the authorities therein cited would seem to settle conclusively that the term ended at 12 o'clock on the night of Saturday, March 30. The verdict and judgment then being returned and entered after the expiration of the term of the court, could applicants appeal therefrom?

The authorities are not in harmony upon this subject—that is, there is an apparent conflict. In Harper's case the appeal was entertained; but the question was not raised.

In the Fuller and Wimberly case, 19 Texas Court of Appeals, 241, the verdict and judgment were returned and entered by a court in term time. So with the Lott case, 18 Texas Court of Appeals, 627; McNeese case, 19 Texas Court of Appeals, 48; Smith case, 19 Texas Court of Appeals, 95.

In Doss v. Waggoner, 3 Texas, 515, the judgment was rendered by the District Court at a time when by law that court had no power to hear and determine cases. Upon this state of case Chief Justice Hemphill observes: "The court had no jurisdiction to hear and determine causes at the time these judgments purport to have been rendered. There was in fact no court in session, and no judgments could by law have been pronounced, and consequently they are not only absolute nullities in the ordinary signification of the term when applied to judgments of courts having no jurisdiction over the subject matter or the parties, but they are not even the acts of a court, and are, therefore, not susceptible of appeal or the subject of revision in an appellate tribunal. This distinction has been recognized in the cases of Hodges v. Ward, 1 Texas, 224, and *vide* 23 Pickering."

These cases are directly in point—the distinction resting here: If the judgment be rendered by a court, though absolutely void, an appeal will lie. But if the purported judgment was rendered when the court was not in session, the term having expired, such judgment would not be the act of a court, and consequently not the subject of appeal or revision.

These propositions are evidently correct. Let us notice the last proposition briefly.

The term expired at 12 o'clock of Saturday night, March 29, 1890. From that time there was no court; hence no order, ruling, judgment, or sentence would be the act of a court, and could constitute no part of the record on an appeal. The motions in arrest and for new trial, and notice of appeal would be void and could constitute no part of the record. Unless an order had been made in term time for that purpose, a statement of facts could not be approved by the judge. This court would not hesitate to dismiss an appeal in the absence of verdict, judgment, or notice of appeal given in term time.

We are of the opinion that the writ should be granted.

*Ordered accordingly.*

Judges all present and concurring.