CORY et al. v. RICHARDSON.  (No. 5763.)

(Court of Civil Appeals of Texas. San Antonio.  Jan. 3, 1917.  Rehearing Denied Jan. 31, 1917.)

1. COURTS ⊗═66(7)—TERMS—EXTENSION.

Under Rev. St. 1911, art. 1726, providing that, whenever any district court shall be in the midst of the trial of any cause when the time for expiration of the term, as fixed by law, shall arrive, the judge may extend the term of court until conclusion of such pending trial, the judge has absolute power to extend the term, even though the extension might have the effect of destroying the succeeding term, and where the December term was extended, and the February term convened during such extension, the judgment in the cause rendered on the extended term was valid.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 240–242; Dec. Dig. ⊗═66(7).]

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. COURTS ⬤⟞66(7)—TERM—EXTENSION.

The statute permitting extension of terms of court should be used only in cases of necessity, and not for the convenience of the trial judge, or for purposes of advisement on the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 240–242; Dec. Dig. ⬤⟞66(7).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Nelson Cory and others against E. R. Richardson. Judgment for defendant, and plaintiffs appeal. Affirmed.

O. M. Fitzhugh and McCollum Burnett, both of San Antonio, for appellants. Graham Dowdell and Lewright & Douglas, all of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellants against appellee to recover damages for breach of a contract in which appellants agreed to place certain land in a state of cultivation, and which they were prevented from doing by a breach of the contract on the part of appellee. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered in favor of appellee.

The trial of the cause was begun on January 31, 1916, during a term of the district court of the Fifty-Seventh district of Texas, which term expired by law on February 5, 1916. That court is held only in Bexar county, and the February term thereof began on February 7, 1916. When the end of the December term was reached, the trial of this cause was in progress, and an order was entered by the trial judge extending the term until the trial of the cause was concluded. That order necessarily caused the extension of the December term to run into the February term of the court. The trial was concluded on February 18, 1916.

The sole error assigned is the action of the district court in extending the December term so as to run into and conflict with the February term of the court. The contention is that such action was void, and therefore that the judgment rendered in this case is null and void.

[1] The extension of the term by the trial judge is based on Rev. Stats. art. 1726, which provides:

"Whenever any district court shall be in the midst of the trial of any cause when the time for the expiration of the term of said court, as fixed by law, shall arrive, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. In such case, the extension of such term shall be shown in the minutes of the court before they are signed. In case of the extension of the term of court, as herein provided, no term of court shall fail because thereof in any other county, but the term of court therein may be opened and held as now provided by law, when the district judge fails to appear at the opening of a term of court."

The court in this instance strictly complied with the terms of that statute, and the order of extension was valid and legal, and the trial of the cause correct and regular, unless the fact that one term of the court followed immediately after another rendered it illegal to extend the time of the December term of the court. No reason has been given why such order would be invalid, nor has any been discovered by this court. The statute is broad enough in its terms to authorize such extension, and there is no hint at a prohibition of such an order where the extension of a term will overlap another term. On the other hand, the statute clearly contemplates that such overlapping may occur, and provides a remedy for it where the overlapped term is to be held in a different county from the extended term. It is probable that no remedy for such conflict is made where both terms are held in the same county, because it was thought that the judge himself could and would provide for such emergency. The trial judge being given the absolute power to extend the term, the extension would be valid even though it had the effect of destroying the succeeding term. That order being legal and valid, the subsequent convening of the February term of court on the day fixed by law for its opening could not affect the validity of the order of extension. What effect the order of extension might have on the succeeding term is not a question in this case. If the order of extension and the convening of the new term, while the trial was in progress in the extended term, should conflict with each other, we should deem it more reasonable to sustain the order of extension rather than the convening of the new term.

[2] The statute permitting extensions of the term was enacted to meet the necessities arising from an unfinished trial at the end of the term, and should be used only in cases of sheer necessity, and not for the convenience of the trial judge or for the purposes of advisement on the points of a case that has been tried. The statute is plain and gives authority for an extension only "whenever any district court shall be in the midst of the trial of any cause when the time for the expiration of the term of said court, as fixed by law, shall arrive." In this case the court was "in the midst of the trial" of this cause when the December term expired, and it was within the discretion of the district judge to extend the term, even though the extension should overlap another term of the same court. The holding of two terms of the court at one and the same time is a novel and an anomalous proceeding, with which, however, we are not concerned in this case. The statute makes no provision for such action, nor seems to contemplate that it shall be done, but it does grant the right of extension, and that right will be unheld though it may interfere with a succeeding term of the court in the same county.

There is authority for two judges trying different cases at the same time in the same court, but no authority for conducting two terms of the same court at one and the same time and place has been produced. We express no opinion in the matter, as it does not affect this case.

The judgment is affirmed.