## J. K. KNIGHT v. THE STATE.

No. 8373.   Delivered Jan. 7, 1925.

No motion for rehearing filed.

### 1.—Assault to Murder—Transferring Cause—Cannot Enter in Vacation.

The indictment was returned into the 37th District Court of Bexar County and was transferred to the 94th District Court in which the trial was had. The May term of the 37th District Court, expired on the 30th day of June. On the 21st day of July the order was made transferring this cause to the 94th District Court. The next succeeding term of the 37th District Court could not begin until the first Monday in October. The act of the 38th Legislature R. S. Chap. 53 p. 101, authorizes the transfer of causes from one District Court in Bexar County to another, but does not authorize such transfers to be made in vacation. *Held:* The 94th District Court was without jurisdiction to try this cause.

### 2.—Same—Charge of Court—Combining Facts—Erroneous.

Appellant testified that he had been taking asperin as well as drinking whisky. There was no evidence as to the effect of aspirin, either alone, or in connection with the use of intoxicants, however the court gave a charge upon the combined use of "drugs" and intoxicants. The court should have

refrained from including "drugs" in his charge relative to the use of intoxicating liquor. If not called for by the evidence the charge should have omitted "drugs," and if called for the charge given was erroneous.

Appeal from the District Court of Bexar County. Tried below befor the Honorable M. C. Jeffrey of the Twenty-second Judicial District, presiding as Judge of the Ninety-fourth Judicial District.

Appeal from a conviction for an assault to murder, penalty, three years in the penitentiary.

E. B. Simmons, J. E. Brown, T. B. Monroe, Linden & Seawell, for appellant.

Tom Garrard, State's Attorney, and Grover C. Morris, Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for assault with intent to murder, punishment, three years in the penitentiary.

The indictment was returned into the 37th District Court of Bexar County, and was transferred to the 94th District Court in which the trial was had. The jurisdiction of the latter court was challenged by proper plea thereto when the case was called for trial, the attack being based on the alleged invalidity of the order of transfer. The question arises upon the following state of facts set out in the plea to the jurisdiction and supported by proof upon the hearing thereof: The indictment was returned at the January term, 1923, of the 37th District Court; the May term of said court convened on the first Monday in May and would have expired by operation of law on June 30th, 1923; upon this date the court was engaged in the trial of a case wherein Felix Latson was charged with murder; desiring to conclude the trial the court under the authority of Article 1726, R. C. S. made and had entered in the court minutes the following order extending the term of court:

"The State of Texas      Murder      In the District Court,
      vs. No. 30781                          37th Judicial District
Felix Latson.

On this the 30th day of June, A. D. 1923, the same being the last day of the regular May term, A. D., 1923, of this Court, and the Court being at this time in the midst of the trial of the above entitled cause when the time for the expiration of said term of Court by law arrived, and being unable to complete said trial before said term expires, the Judge of this Court deems it expedient to extend this term of Court until the trial of said cause may be concluded.

It is therefore ordered by the Court that the said May term, A. D. 1923, of this Court be and is hereby extended until the conclusion of the trial of this cause, which conclusion shall be understood to include

the final passing on any motion or motions for new trial that may be filed by any of the parties herein, and the entering of final orders thereon and the entering of such orders as may be necessary to perfect an appeal.                                   (Signed) W. S. Anderson

Judge 37th Judicial District Court,<br>Bexar County, Texas."

The jury returned a verdict in the Latson case on July 8th finding him guilty of manslaughter, and judgment was entered to that effect; on July 12th Latson's amended motion for new trial was overruled and notice of appeal to this court given; sentence was pronounced against him the same day, and sixty days given in which to prepare statement of facts and bills of exception; recognizance pending appeal was entered into by Latson and his Sureties on July 13th. On the 21st day of July the order was made transferring the present case to the 94th District Court. The formal order adjourning the May term of court was not entered until July 30th, and reads as follows:

"July 30th, A. D. 1923,

WHEREAS, the May term of this court was on the 30th day of June, A. D. 1923, by an order of this court, extended until the conclusion of the trial of cause No. 30781, styled 'The State of Texas vs. Felix Latson' and

WHEREAS, the trial of said cause has been concluded; the Minutes of the said May Term contained on pages 370 to 453, inclusive, hereof, having been examined in open court and found correct, are hereby approved; And it is ordered that the May Term of this Court be and the same is hereby adjourned on this day at 4 o'clock P. M."

Appellant's contention here is, and was before the trial court, that the May term of the 37th District Court expired when the appeal in Latson's case was perfected, which was nine days before the attempted order of transfer in the present case was made on July 21st, at which latter date it is claimed said court was in vacation, hence the court was without authority to make the order.

The act of the 38th Legislature (R. S. Chap. 53, p. 101) reorganizing the District Courts of Bexar County and creating the 94th District Court therefor authorized the transfer of causes from one district court to another either by agreement of parties, or upon the discretion of the judges, and required such order of transfer to be duly entered upon the minutes of the court. The act in question does not authorize such transfers to be made in vacation. It is not claimed that appellant or his counsel agreed to the transfer in the present case; on the contrary he complained of it at the first opportunity when his case was called for trial.

Article 1726 R. C. S. provides:

"* * * Whenever any district court shall be in the midst of the trial of any cause when the time for the expiration of the term of said

99 Tex. Crim.—2.

court, as fixed by law, shall arrive, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court *until the conclusion of such pending trial.* \* \* \*"

The statute is plain. It gives authority for extension of the term only when the court is in the "midst of the trial" of a cause, and only "until the conclusion of such pending trial" (Cory v. Richardson (Tex. Civ. App.) 191 S. W. 568.) In Exparte McKay, 82 Tex. Crim. Rep., 221, 199 S. W. 637, this court had occasion to consider article 1726, in connection with an attack made upon an order extending a term of court in Travis County, and it was there held that a collateral attack could not be made upon such order through habeas corpus proceedings. But that is not the point here. The validity of the order extending the term is not questioned. The exact point is that the court would have expired by operation of law on June 30th save for the extension to complete the Latson trial which was concluded on July 13th; that when the court overruled the motion for new trial, entered notice of appeal, and granted the sixty days for perfecting the record everything had been done that could be done in the Latson case, and that the court then expired by operation of law and was to all intents and purposes in vacation, and that the order of transfer thereafter attempted to be made in the present case was without effect. We are unable to escape the force of this contention.

An order, judgment or decree has no force if made at a time when, by law, the court has no power to hear and determine the cause in which such judgment is entered or such order is made. Doss v. Waggoner, 3 Texas 515; Exparte Juneman, 28 Tex. Ct. App. 486; Parker v. State, 33 Tex. Crim. Rep. 111; Exparte McKay (supra). The record brought before us leaves no basis for presumption as to the validity of the order of transfer which would be indulged in the absence of an affirmative showing to the contrary. If no extension of the term had been ordered to complete the Latson trial the term would have expired on June 30th. It could not be contended that an order such as is here complained of could have been made after the term expired. However the term was extended, but to what time? To complete the Latson trial, and until that was accomplished. It is affirmatively shown that everything had been accomplished which could possibly have been done in concluding the Latson trial and preparing it for appeal many days before the order transferring the present case was entered. The next term of the 37th District Court could not begin until the first Monday in October, (38th Leg. p. 101) so that after the expiration of the May term the court was in vacation for three months. If appellant's contention is not sound then the May term which was continued under Article 1726, and after the purpose of the extension had been accomplished could be further extended for all purposes until the first of October. This we apprehend was not the intention of the Legislature in enacting said article, neither do we believe such is its

effect. The order transferring this cause to the court in which it was tried having been made at such time as not authorized by law, and having been promptly objected to without any laches or waiver on appellant's part, constitutes such error as demands a reversal.

In view of another trial we advert to a criticism of the charge. There was evidence that appellant was under the influence of intoxicating liquor at the time the assault was committed which called for a charge upon that issue under Article 41 of our Penal Code. Appellant testified that he had been taking aspirin tablets as well as drinking whiskey. There was no evidence as to the effect of aspirin either alone or in connection with the use of intoxicants. However, the court gave a charge upon the combined use of drugs and intoxicating liquor which was excepted to, and a special charge upon the subject was requested and refused. The requested charge (if authorized by the evidence) is supported by Edwards v. State, 38 Tex. Crim. Rep., 386, 43 S. W. 112; Phillips v. State, 50 Tex. Crim. Rep., 483, 98 S. W. 686; Lawrence v. State, 65 Texas Crim. Rep., 93, 143 S. W. 636, and other authorities cited under Section 414, Branch's Ann. P. C., and the charge given by the court is contrary thereto. The court refused the special charge because there was no evidence as to what aspirin was or as to its effect. We are inclined to the view that in this respect the court was right, but for the same reason he should have refrained from including "drugs" in his charge relative to the use of intoxicating liquors. If not called for by the evidence the charge should have omitted "drugs" and if called for the charge given was erroneous.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*