We recommend the following answers to the questions certified:

No. 1: It is not a matter of venue, but it is one of jurisdiction.

No. 2: Yes.

No. 3: No.

No. 4: Yes.

CURETON, C. J. Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

### On Motion for Rehearing.

NICKELS, J. We have carefully considered all matter contained in the motion for rehearing filed in behalf of appellant. Counsel have presented the important question of jurisdiction involved in an able manner, but, it seems to us, the fact that the subject-matter of a suit of this character, as well as any remedy in respect thereto, was wholly alien to the common law, or any pre-existent statute, or any substantive provision of the Constitution, makes up the distinction which renders the authorities cited contra (which, in the main, are those cited in the majority opinion in U. S. Fid. & G. Co. v. Lowry [Tex. Civ. App.] 219 S. W. 222) inapplicable. The motion advances nothing which was omitted in the first consideration, and upon re-examination of the matter we are confirmed in our original opinion.

We recommend that the motion be overruled.

STEPHENSON et al. v. NICHOLS. (No. 785–4445.)

(Commission of Appeals of Texas. Section A. June 16, 1926.)

**1. Courts ⬤=66(7).**

"Trial" of case is concluded within meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 1726, empowering judge to extend term pending trial on completion and entry of all judicial acts appertaining to trial required to be done during term.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trial.]

**2. Courts ⬤=66(7)—Approval of bill of exceptions or statement of facts involves judicial act pertaining to trial, but is not part of trial within meaning of statute, unless required by law to be made during term (Vernon's Sayles' Ann. Civ. St. 1914, art. 1726).**

Consideration and approval by judge of bill of exception or statement of facts involve judicial act pertaining to trial of case, but do not constitute part of such trial within meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 1726, unless law requires them to be prepared and filed during term of trial to be available.

**3. Exceptions, bill of ⬤=38—Bills of exception to overruling motion for new trial need not be filed during term at which order overruling motion is entered (Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, Acts 31st Leg. 1st Called Sess. [1909] c. 39, § 7).**

Bills of exception to order overruling motion for new trial need not be filed during term at which order is entered, but may be filed within time allowed by Vernon's Sayles' Civ. St. 1914, art. 2073, Acts 31st Leg. 1st Called Sess. (1909). c. 39, § 7.

**4. New trial ⬤=157.**

Hearing and determination of motion for new trial and entry of order thereon is part of trial, so that statement of facts on hearing of motion is governed by same rules governing statement of facts of any other part of trial.

**5. Appeal and error ⬤=564(2)—Statute providing for filing of "statement of facts" after term time includes statement of facts given in evidence upon hearing and determination of motion for new trial (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2068—2073).**

Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, providing for filing of "statement of facts" after term time, "when an appeal is taken from the judgment rendered in any cause," includes, in view of section 2068, statement of facts given in evidence upon hearing and determination of motion for new trial in the cause in which such judgment so appealed from is rendered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Statement of Fact.]

**6. Statutes ⬅212—Legislature is presumed to have had in mind interpretation made by Supreme Court of terms used in statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 2068).**

Legislature, in referring to "trial of case" in Vernon's Sayles' Ann. Civ. St. 1914, art. 2068, is presumed to have had in mind interpretation made by Supreme Court of what acts go to constitute a trial, in view of legislative history.

**7. Courts ⬅66(7)—Special term, as extended, ended with denial of new trial in case.**

Special term, extended under R. S. art. 1726, until conclusion of pending trial, *held* to end as respected time for filing transcript and statement of facts on overruling of amended motion for new trial.

**8. Time ⬅11.**

Law does not take into account fraction of day in determining expiration of special term of court extended under Vernon's Sayles' Ann. Civ. St. 1914, art. 1726.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by J. M. Nichols against W. M. Stephenson and others. Defendants' appeal from judgment for plaintiff was dismissed by the Court of Civil Appeals (272 S. W. 220), and defendants bring error. Affirmed.

Cox & Cox, of Beeville, Fly & Ragsdale, of Victoria, and Gaines Quin, Harley & Gaines, of San Antonio, for plaintiffs in error.

Lewright & Lewright, of San Antonio, Jno. W. Thames, of Kenedy, and Sid Malone, of Beeville, for defendant in error.

HARVEY, P. J. This case was tried at a special term of the district court of Live Oak county, being a suit brought by the defendant in error, J. M. Nichols, against the plaintiffs in error, W. M. Stephenson and others, to cancel an oil and gas lease on a large tract of land in that county. A special term of said district court, for the purpose of trying this case, was duly convened on June 23, 1924; the order providing that the term should continue for three weeks. A trial of the case was entered upon, and on July 12, 1924, the court, being still engaged in such trial, duly made and caused to be entered his order to the effect that said date was the last day of said special term, and that the court was in the midst of the trial of said case, and formally extended said term until the conclusion of such pending trial. On July 18, 1924, the jury returned a verdict on the special issues that had been submitted to them by the court, upon which the court duly rendered judgment in favor of the defendant in error, which judgment was duly entered on July 19, 1924. On the last-named day the plaintiffs in error duly filed their original motion for new trial. On August 25, 1924, with leave of the court, the plaintiffs in error filed their amended motion for new trial. Among other grounds of error set out in the amended motion for new trial, there were grounds involving issues of fact,

and upon the issues of fact thus presented in such amended motion the court heard a great amount of oral testimony, at the hearing of such amended motion which was had on August 25, 1924. After hearing such motion and the testimony in support thereof, the court took same under advisement, and so held same until September 20, 1924, on which latter date he duly rendered judgment overruling said amended motion for new trial, and, on the same day, an order to that effect was duly entered upon the minutes of the court. The record shows that in said order overruling said motion for new trial was recited the fact that plaintiffs in error excepted to the action of the court in overruling their motion for new trial, and the fact that plaintiffs in error gave notice of appeal, and the fact that plaintiffs in error were granted 90 days from and after the adjournment of this special term of court in which to file their bills of exceptions and statement of facts.

On December 13, 1924, the trial judge caused to be entered the following order:

"The special June term, 1924, of this court having been necessarily kept open in order to give the judge thereof time to be present and read the minutes thereof and consider bills of exception and other matters, in the case of J. M. Nichols v. W. M. Stephenson et al., No. 2477, until this 13th day of December, A. D. 1924, when the court met with all officers of the court present and the minutes of this special term were read and approved. It is therefore ordered that this special term of court do now adjourn."

The transcript of the record herein was filed in the Court of Civil Appeals on March 5, 1925, and the statement of facts was filed in said court on March 12, 1925.

Upon motion duly made in the Court of Civil Appeals by the defendant in error, that court dismissed the appeal on the ground that the transcript and statement of facts were not filed within the time prescribed by law. 272 S. W. 220. Such action of that court is now properly before us for review.

The question to be determined is, On what date was the trial of this case concluded in the trial court? Upon the solution of this question depends the date of adjournment of said extended special term of court, within 90 days of which the transcript and statement of facts herein were required by law to be filed in order to entitle an appeal herein to be heard. For, under the provisions of the statute, as well as of the court's order extending such special term, the term continued only until the conclusion of said trial.

[1] So far as pertinent here, article 1726 of Vernon's Sayles' Civil Statutes 1914, reads as follows:

"Whenever any district court shall be in the midst of the trial of any cause when the time for the expiration of the term of said court, as fixed by law, shall arrive, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. ＊ ＊ ＊"

Whenever all judicial acts appertaining to the trial of a given case have been done, which have been duly invoked, and which are required by law to be done during the term in which the trial is had, and due entry has been made of all such of these judicial acts as are required by law to be entered in the court record, the trial of such case is concluded within the meaning of the statute. Railway v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613; Palmo v. Slayden & Co., 100 Tex. 15, 92 S. W. 796; Railway v. Joachimi, 58 Tex. 454; Hill v. State, 41 Tex. 255.

[2] The consideration and approval by the judge of a bill of exception or of a statement of facts involve a judicial act pertaining to the trial of a case, but, unless the law require that such bill of exception or statement of facts, in order to be available, shall be prepared and filed during the term at which such trial is had, same does not constitute a part of such trial within the meaning of the above statute.

In the present case, at the expiration of the 20th day of September, 1924, the trial court had done all things necessary to complete the trial of the case, and such trial became concluded at that time, unless the approval and filing of the hereinafter mentioned bills of exception taken upon the hearing of the motion for new trial, or of a statement of facts covering the evidence adduced upon such hearing, be required by law to be made during the term at which the case is tried, and therefore constitute a part of the trial within the meaning of the above-mentioned statute.

Article 2073, Vernon's Sayles' Civil Statutes 1914, provides in part as follows:

"When an appeal is taken from the judgment rendered in any cause in any district or county court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the day of adjournment of court in which to prepare or cause to be prepared, and to file a statement of facts and bills of exception. * * *"

This part of the statute, as thus quoted, first became law in the year 1909, being part of the Court Stenographer Act of that year (Acts of Thirty-First Legislature [1st Called Sess.] c. 39, § 7).

As we have already said, the plaintiffs in error's motion for new trial presented certain issues of fact which required the hearing of testimony by the court. To the action of the court resolving such issues of fact against plaintiffs in error and overruling the grounds of error predicated thereon, the plaintiffs in error duly reserved two bills of exception. These two bills of exception were subsequently prepared, and there was embodied therein all the evidence that was adduced at the hearing of the motion for new trial. After being thus prepared, they were submitted to the judge for his consideration and approval. The judge, having considered said two bills of exception, duly approved same on December 13, 1924, and they were duly filed on that day.

The plaintiffs in error contend that, by virtue of the facts which we have just recited, the said extended term did not automatically close on September 20, 1924, the date on which the motion for new trial was overruled and the order of court thereon was entered, but that such term remained open till December 13, 1924. They contend that, under the law, such bills of exceptions are required to be approved and filed during such term, and therefore the trial of the case was not concluded until they were approved and filed.

The writ of error herein was granted because of conflict of opinion among some of our Courts of Civil Appeals on this point. In Smith v. Texas Power & Light Co., 206 S. W. 119, a holding is made by the Amarillo court which gives support to the contention of the plaintiffs in error. Later the San Antonio court, in a well-considered opinion in the case of Railway Co. v. Vick, 210 S. W. 247, held that bills of exception relating to a motion for new trial are not required to be filed during the term. In the still later case of Cussen v. Lynch, 245 S. W. 932, the Amarillo court took occasion to assent to the views that had been announced by the San Antonio court in the Vick Case, thereby indicating that the very court that had rendered the opinion in the Smith-Power Co. Case receded from the holding therein made.

A careful consideration of the various statutes and decisions relating to the subject leads us to the conclusion that the able opinion of the San Antonio court in the Vick Case, supra, correctly interprets the law on this point.

[3] We therefore conclude that bills of exception taken to the action of the trial court in overruling a motion for new trial are not required to be filed during the term at which the order overruling such motion is entered, but that such bills of exception come within the purview of article 2073 of the statutes.

The question of whether or not a statement of facts covering the evidence taken upon a hearing of a motion for new trial must be filed during the term at which the order overruling such motion is entered is now to be considered.

[4, 5] Since it is firmly established by the decisions of our Supreme Court, which have been hereinabove cited, that the hearing and determination of a motion for new trial and the entry of the court's order thereon is a part of the trial of the case, we can see no escape from the conclusion that a statement of facts covering the evidence adduced upon the hearing of such motion is governed by the same rules that govern a statement of facts pertaining to any other part of the trial. What is meant by the term "statement of facts," as that term is used in article 2073, may be gathered from that provision of article 2068, which says:

"After the trial of any cause, either party may make out a written statement of the facts given in evidence on the trial. * * *"

[6] This statutory provision first became law in the year 1846. As early as the year 1883, the Supreme Court in the Joachimi Case, supra, declared that the entry of the order overruling a motion for new trial constituted a part of the trial of a cause. That court, in decisions since rendered, has uniformly held to that interpretation. An examination of the original Court Stenographers' Act, passed in the year 1903, and the various successive acts on the subject, also reveals that the statement of facts mentioned in article 2073 has reference to the facts given in evidence upon the trial of the case. It is to be presumed that, in referring to the trial of a cause, in these acts, the Legislature had in mind the interpretation which had been made by the Supreme Court of what acts go to constitute a trial. Such acts of the Legislature, from which a history of this legislation and the legislative intent on the subject may be gleaned, are as follows: Section 3, c. 60, Reg. Sess., Acts 28th Leg. (1903); sections 3 and 5, c. 112, Acts 29th Leg. (1905); sections 4 and 5, c. 24, 1st Called Sess., Acts 30th Leg. (1907); sections 4, 5, and 7, c. 39, 1st Called Sess. of 31st Leg. (1909); sections 4, 5, 6, and 7, c. 119, Acts 32d Leg. (1911); section 1, c. 25, Acts 28th Leg. (1903); section 1, c. 7, 1st Called Sess., Acts 30th Leg. (1907).

We conclude, therefore, that the provision of article 2073, which provides for the filing of "a statement of facts" after term time, "when an appeal is taken from the judgment rendered in any cause," includes within its purview a statement of the facts given in evidence upon the hearing and determination of a motion for new trial in the cause in which such judgment so appealed from is rendered.

[7, 8] It follows, from the above conclusions, that the said trial was concluded on September 20, 1924, and, since the law does not take into account a fraction of a day, the extended term of court came to an end at the expiration of that day by operation of law.

We recommend that the judgment of dismissal rendered by the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.