## BLAIR et ux. v. FARMER.
### No. 3086.

Court of Civil Appeals of Texas. El Paso.

Nov. 8, 1934.

Henry T. Moore and R. L. Holliday, both of El Paso, for appellants.

Kemp & Nagle, of El Paso, for appellee.

WALTHALL, Justice.

This is a suit by the appellants, Blair and wife, residents of El Paso county, against appellee, Farmer, to recover damages alleged to have been sustained arising out of a collision between an automobile driven by Mrs. Blair and one driven by Farmer. The case was tried at the January term, 1934, of the Sixty-Fifth district court, which term commenced on the first Monday in January and might, by law, continue until March 3, 1934; the same being the last Saturday before the next succeeding term of said court. Acts 41st Leg. c. 92, p. 211 (Vernon's Ann. Civ. St. art. 199, subds. 34, 41, 65).

Upon special issue submission the jury found the defendant guilty of negligence in various particulars proximately causing the collision; that the plaintiff's car was damaged $50 and $500 damages for Mrs. Blair's injuries and medical expenses. It was also found that Mrs. Blair failed to keep a proper lookout, was negligent in so doing, and such negligence was a proximate cause of the collision. Upon these findings the court, on February 15, 1934, rendered judgment that the plaintiffs take nothing and defendant take nothing by his cross-action.

The original motion for a new trial filed by the plaintiffs does not appear in the record, but their first amended motion was filed on March 3, 1934, and recites that it was filed in amendment of the original motion filed February 19, 1934.

In the first amended motion the plaintiffs alleged various errors including misconduct of the jury. The record contains an undated judgment in the cause, which reads as follows:

"Whereas, heretofore, to-wit, on the 15th day of February, A. D. 1934, the Court entered judgment in the above styled and numbered cause for the defendant, Percy Farmer; and

"Whereas, upon reconsideration of the matter and re-examination of the findings of the jury, in answer to special issues, the court is of the opinion that said judgment should be set aside, and it is hereby set aside, and judgment on said findings and verdict should be rendered for plaintiffs in the sum of $550.-00.

"It is, therefore, the order, judgment and decree of the Court that the plaintiffs, Ralph Blair and his wife, Erin A. Blair, do have and recover of the defendant, Percy Farmer, the sum of $550.00, with interest thereon from this date at the rate of 6% per annum, together with costs of suit, for which execution may issue. Execution may issue in favor of the officers of the court against each party for the costs by each party, respectively, incurred. To which judgment, the defendant does not except, and so stated in open court; but that the plaintiffs then and there in open court excepted to said judgment, and plaintiffs are given two days from and after this date, to file a new and amended motion for a new trial."

While this judgment is undated, the recitals in the order next quoted and in the appeal bond show it must have been rendered on or before March 3d.

The plaintiffs' first amended motion for new trial was overruled by order, which reads:

"On this 3rd day of March, 1934, at a regular term of this Court, came on to be heard in the above entitled and numbered cause, Plaintiffs' First Amended Motion for New Trial, the same having been duly filed herein with leave of the court amending Plaintiffs' Original Motion for New Trial, which was filed herein in due time and order within two days after the rendition and filing of the verdict and judgment herein, and after the jury demanded herein had been finally discharged; and said motion for a new trial and to set aside the verdict of the jury and judgment of the court having been duly heard and considered thereafter by the court, together with the evidence in support of the same, and the court having thereafter set aside the verdict of the jury and the judgment of the court heretofore rendered and having rendered a new judgment herein for the plaintiffs, Ralph Blair and Erin A. Blair, that they do have and recover of and from the defendant, Percy Farmer, the sum of Five Hundred Fifty Dollars ($550.00), it is the opinion of the court that said motion should, therefore, be overruled;

"It is accordingly ordered, adjudged and decreed by the court that plaintiffs' said motion for new trial herein be and the same is hereby overruled, to which said judgment and ruling of the court plaintiffs then and there in open court duly excepted and in open court gave due notice of appeal to the Court of Civil Appeals of the 8th Supreme Judicial District of the State of Texas at El Paso."

The record contains this extension order:

"Ralph Blair et ux. v. Percy Farmer. No. 40081.

"March 3rd, 1934.

"On this day, it is the order of the Court that because we are in the midst of a trial of the above numbered and entitled cause, and it appearing to the court that the cause cannot be completed within the time otherwise fixed for adjournment, and the Court deeming it expedient to extend this term of Court, as hereafter set out, until the conclusion of said pending trial, it is therefore ordered that this the January Term, A. D. 1934, of said Court be, and is hereby extended until the conclusion of such pending trial, to-wit, until the 15th day of March, A. D. 1934, to permit this Court to act upon the Plaintiff's motion for new trial, or such amendment thereof as the said Plaintiff may file, and take such further action in the case as may be necessary."

On March 10, 1934, the plaintiffs filed their second amended motion for a new trial. This latter motion was overruled on March 15, 1934, to which the plaintiffs excepted and gave notice of appeal.

Appeal bond was filed April 3, 1934, the bond reciting that the appeal was from the judgment in favor of the plaintiffs for $550, entered on March 3, 1934.

From what has been stated it is apparent the term of the court at which the case was tried expired by operation of law on March 3, and the appeal bond was not filed within the time required by law unless there was a valid order extending such term to March 15, 1934. Wichita Falls Traction Co. v. Cook, 122 Tex. 447, 60 S.W.(2d) 764, 766, was a case tried at a term of court commencing on the first Monday in September, 1931, and which, by law, would terminate on December 5, 1931. In that case Mrs. Tedford had recovered a judgment against said company for $13,000 based on special issue findings. A motion for new trial was filed by the company, and on December 5 the court entered an order setting aside the former judgment in favor of Mrs. Tedford and entered a judgment that she take nothing. On the same date the court made and entered this order:

"This the 5th day of December A. D. 1931.

"It appearing to the Court that it is impracticable to conclude the trial of this cause at the present term, the present term is hereby extended for the purpose of concluding this case until and including the 1st day of February, A. D. 1932."

No motion of any character was thereafter filed by Mrs. Tedford on December 5th, but on January 26, 1932, she filed a motion for judgment and new trial. Further extension orders were made by the court extending the term to June 1, 1932, when the term closed under such extension orders. In considering the validity of the original extension order of December 5, and referring to article 1923, R. S., which was quoted, the court said:

"The authorities construing this article, while to some extent conflicting on account of the difference in the facts, demonstrate the fact to be that the language thereof should be liberally construed. This tendency of the court is illustrated by the opinion of Justice Greenwood in Gulf, Colorado & Santa Fe Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613. We would not have any difficulty under the authorities of the case last cited, as well as other cases, including that of Stephenson v. Nichols (Tex. Com. App.) 286 S. W. 197, 199, in reaching the conclusion that the several orders of the district judge of Wichita county, in Cause No. 24508, were valid ones, and that their legal effect was to extend the term of the September term of 1931 of said district court in accordance therewith, and that the judgments entered in said cause by said court, during such extension, were properly entered, *were it not for the fact that it is clearly shown by the record that Pearl Tedford had not filed any motion to set aside the judgment rendered in favor of the relator and to reinstate the judgment rendered in her favor against said relator at the time the regular term of said court expired by operation of law, and that she did not file any such motion until the 26th day of January, 1932.* The record also fails to disclose any reason why this motion was not filed during the regular term. Had said motion been filed, under the authority of the Muse Case, as well as others, the jurisdiction over said cause of the court would have continued, and every presumption would be indulged in favor of the proper exercise of such jurisdiction. 'Whenever all judicial acts appertaining to the trial of a given case have been done, which have been duly invoked, and which are required by law to be done during the term in which the trial is had, and due entry has been made of all such of these judicial acts as are required by law to be entered in the court record, the trial of such case is concluded within the meaning of the statute.' Stephenson v. Nichols, supra; 11 Texas Jurisprudence, par. 73.

"Thus, when the trial court had granted a motion for a new trial, the case was finally disposed of, and there was nothing left upon which the court might exercise jurisdiction, and in consequence of which subsequent attempts to make orders were void. Knight v. State, 99 Tex. Cr. R. 15, 267 S. W. 983; Drane v. Humble Oil & Refining Company (Tex. Civ. App.) 4 S.W.(2d) 241.

"We are constrained to conclude, therefore, that, in said cause No. 24508, the district court of Wichita county had lost jurisdiction of this case, on December 5, 1931, when it attempted to extend the regular term of said court. The mere fact that the trial judge was not satisfied with the order he had made in setting aside the original judgment in favor of the relator could not have the legal effect to authorize the order extending the term under the terms of the statute. However liberal the courts have been in construing the language of this statute, they have not permitted trial judges to extend the terms of a court to suit their convenience or for purposes of their own, however praiseworthy such purposes may be.

"In other words, we are of the opinion that the said district court of Wichita county was not 'in the midst of the trial' of the cause of Pearl Tedford against the Wichita Falls Traction Company on the evening of December 5, 1931, when the order of that date was made, but that the court had lost jurisdiction of this cause when it granted the relator's motion to the extent of setting aside the judgment, which had before that time been rendered in favor of Pearl Tedford upon the verdict of a jury. The court had authority to grant the motion of relator, to the extent of setting aside the judgment rendered upon the verdict of the jury in favor of Pearl Tedford, and, no motion to set aside this order having been filed during the regular term of the court, there was no basis for the court to act, as it attempted to act in extending the term of said court beyond the regular term. Such being the situation, anything and everything which the court did, after the end of the regular term, was void." (Italics ours).

In the present case it appears the court overruled the appellants' first amended motion for a new trial on March 3, 1934. That was the only motion pending and when that was overruled the trial of the case was concluded. Plaintiffs filed no further motion until March 10th, seven days after the date the term expired under the terms of the statute.

■■ Under the authority of the case referred to, it must be held that the court lost jurisdiction of this case on March 3d when it overruled the plaintiffs' first amended motion for a new trial. When that action was taken the court was no longer in the midst of the trial of the case, but the case had been finally disposed of. No motion remaining undisposed of on March 3d, there was no basis for the court to act as it attempted to act in extending the term of such court beyond the regular term and the extension order was void. Such order being void, the term expired by operation of law on March 3, 1934, and the appeal bond not having been filed within the period allowed by law, this court has not acquired jurisdiction of the appeal and the same must be dismissed. Acts 40th Leg. p. 21, c. 15 (Vernon's Ann. Civ. St. art. 2253).

The appeal is dismissed.