## H. M. STEVENSON v. THE STATE.

No. 19651. Delivered April 27, 1938.
Motion to reinstate appeal and petition for rehearing denied June 8, 1938.

The opinion states the case.

*D. T. Bowles,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor in a dry area for the purpose of sale; the punishment, a fine of $100.00.

The term of court at which appellant was convicted adjourned on December 25, 1937. The motion for new trial was overruled and notice of appeal given on December 30, 1937, which was after the adjournment of court. Notice of appeal having been given after adjournment, this Court is without jurisdiction. Moreover, it does not appear that notice of appeal was carried into the minutes of the court.

Also it appears that recognizance was entered into on December 30, 1937. The recognizance having been made after adjournment is a nullity, and this Court is without jurisdiction. Mc-Rorey v. State, 32 S. W. (2d) 200.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—The term of court adjourned by operation of law on December 25, 1937. It appears from statements

of the county judge, county attorney and the attorney for appellant that all of said parties were under the impression that the term extended a week longer because the next term of court did not begin until January 3, 1938, there being in fact a vacation period of one week between the ending of one term and the beginning of another. Appellant's amended motion for new trial was filed on December 24th and it was agreed among all the parties named that said motion would be set down for hearing on December 30th; this agreement of postponement being largely for accommodation of the county attorney, who had made arrangements to be away during the Christmas holidays. On December 30th the trial court undertook to act on appellant's motion, overruled the same; appellant gave notice of appeal and entered into recognizance as though court were in session, although in fact same was in vacation.

We appreciate the candor with which the facts are presented, but have not discovered any way to aid in extricating the parties from the dilemma in which they find themselves.

At the time the orders were made the court was in vacation and had no jurisdiction to act in the premises. In Ex parte Juneman, 28 Texas Crim. App. 486, appears the following, taken from the opinion in Doss v. Waggoner, 3 Texas 515: " 'The court had no jurisdiction to hear and determine causes at the time these judgments purport to have been rendered. There was in fact no court in session, and no judgments could by law have been pronounced, and consequently they are not only absolute nullities in the ordinary signification of the term when applied to judgments of courts having no jurisdiction over the subject matter or the parties, but they are not even the acts of a court, and are, therefore, not susceptible of appeal or the subject of revision in an appellate tribunal. * * * ' "

We quote further from Juneman's case (supra): "The term expired at 12 o'clock of Saturday night, March 29, 1890. From that time there was no court; hence no order, ruling, judgment, or sentence would be the act of a court, and could constitute no part of the record on an appeal. The motions in arrest and for new trial, and notice of appeal would be void and could constitute no part of the record. Unless an order had been made in term time for that purpose, a statement of facts could not be approved by the judge. This court would not hesitate to dismiss an appeal in the absence of verdict, judgment, or notice of appeal given in term time."

See, also, Knight v. State, 99 Texas Crim. Rep. 15, 267 S. W. 983.

The motion to reinstate the appeal is denied.