## BROOKS v. MORGAN.
### No. 3739.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1938.

Rehearing Denied Oct. 20, 1938.

L. L. Bowman, Jr., of Greenville, and Frank C. Brooks, of Dallas, for appellant.

Mayo W. Neyland, of Greenville, for appellee.

NEALON, Chief Justice.

Appellant brought suit in the District Court of the Eighth Judicial District in and for Hunt County seeking to enjoin the execution of a writ of possession issued and placed in the hands of the sheriff of Hunt County in pursuance of a judgment rendered in the District Court of the Sixty-second Judicial District in and for said county. Appellant alleged that the judgment upon which the writ was based was void as being rendered by the court in conflict with Rule 66 for the district courts. Appellee presented a plea in abatement, a motion to dismiss and a plea of res judicata. The cause was submitted to the Court without the intervention of a jury, and on October 20, 1937, after hearing evidence, the plea in abatement and motion to dismiss were sustained and the cause dismissed. The appeal is from this judgment.

The judgment sought to be enjoined was entered in cause No. 18459, in which E. A. Morgan, appellee, was plaintiff, and B. J. Brooks, appellant, was defendant. It was a suit in trespass to try title to certain described land in Hunt County. The trial was entered into at the May term of the District Court of said county, and the questions of fact as well as those of law were submitted to the court. After all of the evidence was introduced the court requested counsel for the parties to prepare briefs submitting to the court their views as to the facts proved and the law pertinent to the issues, directed the stenographer to prepare statement of facts, and announced that, as it was near the close of the term which, by operation of law, would end on July 25, 1936, it would be necessary to continue the court in session for sufficient time to properly consider the testimony in the case as well as the applicable law. On July 25, 1936, prior to adjournment, the court prepared an order continuing the May term of court, the concluding paragraph of the order being in this language: "It is therefore ordered, adjudged and decreed, in so far as the above entitled and numbered cause is concerned, that the May 1936 Term of this court is hereby continued and extended until the conclusion of the trial of said cause and the final disposition of all matters now or hereafter pending in this court with respect to said cause have been finally concluded as by law provided."

The order was entered in the minutes and the minutes were approved by the trial judge. Thereafter the court entered judgment for plaintiff Morgan. Defendant Brooks prepared and filed a motion to set aside said judgment and grant him a new trial. The motion for new trial was overruled and Brooks excepted to this action of the court and gave notice of appeal. The appeal was not perfected.

Thereafter, as stated, when a writ of possession was issued and placed in the hands of the sheriff an injunction was sought with the result stated.

### Opinion

Appellant seeks reversal upon the theory that the judgment was rendered by the court at a time when it was not authorized to sit; that therefore it was void, subject to collateral attack, and its execution should be enjoined. He insists that the court was without authority to extend the term under provisions of Article 1923 of Revised Civil Statutes of 1925, upon the ground that it was not "in the midst of the trial of a cause." With this contention we find it impossible to agree. Under the conceded facts the order was entered prior to the adjournment of the May term of court, and after the court had heard the evidence.

and had taken the case under advisement, but before the rendition of judgment. Before the trial would be terminated it would be necessary for the court to enter judgment and consider the losing litigant's motion for new trial, provided one were filed and urged. In Gulf, & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613, the Supreme Court held that jurisdiction of the court over a case, when once fully attached, continues until all issues of fact and law have been fully determined, and that it is within the power of the court at the same term to revise or vacate any of its judgments or orders therein, including an order granting a new trial. See also, Stephenson v. Nichols, Tex.Com.App., 286 S.W. 197; Clayton v. Jobe, Tex.Civ.App., 71 S.W.2d 911; Edwards v. Edwards, Tex. Civ.App., 288 S.W. 634, writ refused, Tex. Com.App., 295 S.W. 581.

We find no error in the judgment rendered by the District Court and it is therefore affirmed.

Affirmed.