## CURL v. JEPPESEN et ux.
### No. 12475.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 26, 1952.

Robert H. Kern, Jr., McAllen, for appellant.

Rankin, Kilgore & Cherry, Edinburg, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Virgil Jeppesen and wife, Eileen Jeppesen, against J. E. Curl and Bill Curl in the 92nd District Court of Hidalgo County, Texas. The suit arose out of a contract executed on October 12, 1948, whereby plaintiffs contracted to buy from defendant, J. E. Curl, thirty acres of land for $9,000.00, paying $2,500.00 down and agreeing to execute certain promissory notes for the balance. The plaintiffs went into possession of the land but never executed the notes nor received a deed.

The trial was to a jury and judgment was rendered cancelling and rescinding the contract, and requiring the defendant J. E. Curl to refund the down payment of $2,500.00, less an offset in the sum of $475.19. From that judgment J. E. Curl has prosecuted this appeal.

Appellees challenge the right of this Court to consider any of the points made by appellant in his brief, due to the fact that he did not file a motion for new trial in the trial court. Rule 324, Texas Rules of Civil Procedure, makes the filing of a motion for new trial in a jury case a prerequisite to the right of raising such questions as appellant undertakes to raise on this appeal, unless judgment is rendered at a time when there is not remaining five full days before the adjournment of the court for the term.

The judgment in this case was rendered after the term had been extended past the regular time for adjournment by an order made by the trial judge pursuant to the provisions of Article 1923, Vernon's Ann.Civ.Stats. The order extending the term provided that the term should be extended until the conclusion of the trial of this cause, and did not fix a specific date for the termination of the extended term. Under such circumstances the term would be regarded as extended not only until final judgment was rendered, but until a motion for a new trial was filed and disposed of, if the

appellant desired to file such a motion. Gulf C. & S. F. R. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613; Clayton v. Jobe, Tex.Civ.App., 71 S.W.2d 911; De Moss v. Briggs, 145 Tex. 582, 201 S. W.2d 40; Knight v. State, 99 Tex.Cr.R. 15, 267 S.W. 983; Stephenson v. Nichols, Tex.Com.App., 286 S.W. 197; Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506; Lamb v. Isley, Tex.Civ.App., 114 S.W.2d 673; rehearing denied, Tex.Civ.App., 115 S.W.2d 1036; Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561; Blair v. Farmer, Tex.Civ.App., 77 S.W.2d 703; Brooks v. Morgan, Tex.Civ. App., 121 S.W.2d 398; Arenstein v. Jencks, Tex.Civ.App., 179 S.W.2d 831; 11 Tex. Jur. 808, Courts, § 73.

In Stephenson v. Nichols, Tex.Com.App., 286 S.W. 197, 199, the rule is thus stated:

"Whenever all judicial acts appertaining to the trial of a given case have been done, which have been duly invoked, and which are required by law to be done during the term in which the trial is had, and due entry has been made of all such of these judicial acts as are required by law to be entered in the court record, the trial of such case is concluded within the meaning of the statute."

The Court goes on to say:

"Since it is firmly established by the decisions of our Supreme Court, which have been hereinabove cited, that the hearing and determination of a motion for new trial and the entry of the court's order thereon is a part of the trial of the case, * * *."

It is apparent that where a term of court has been extended under the provisions of Art. 1923, supra, until the conclusion of the trial, the provision of Rule 324 excusing an appellant for not filing a motion for a new trial, where judgment is rendered at a time when there is not remaining five days before the adjournment of the court for the term, does not apply, and in such case the appellant is required to file a motion for a new trial as a prerequisite to an appeal, unless the case is tried before the court without a jury, or a peremptory instruction is given in the case, or the appeal is based upon some error arising after the action of the trial court upon the motion for a new trial.

Appellant's points herein will not be considered and the judgment of the trial court will be affirmed.