WICHITA FALLS TRACTION COMPANY V. W. W. COOK, DISTRICT JUDGE.

No. 6213. Decided May 26, 1933.
(60 S. W., 2d Series, 764.)

*Bonner & Childress*, of Wichita Falls, for relator.

On proposition that mandamus should be granted: Allen v. Woodward, Judge, 111 Texas, 457, 239 S. W., 602; Townes v.

Lattimore, Judge, 114 Texas, 511, 272 S. W., 435; Seagraves v. Green, Judge, 116 Texas, 220, 288 S. W., 417.

On proposition that judgment of trial court has become final: Knight v. State, 99 Texas Crim. Rep., 15, 267 S. W., 983; Drane v. Humble Oil & Ref. Co. (Texas Civ. App.), 4 S. W. (2d) 241; Frick Reid Supply Co. v. Jones, 286 S. W., 650; Bernstein v. Hibbs (Texas Civ. App.), 20 S. W. (2d) 838 (writ of error dismissed); Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 4 A. L. R., 613; Commonwealth v. MacLellan, 121 Mass., 31.

*E. W. Napier,* of Wichita Falls, for respondent.

Article 1923, R. S., 1925, should have a liberal construction. Cyphers v. Birdwell, 32 S. W. (2d) 937; Stafford Mfg. Co. v. Wichita School Supply Company, 23 S. W. (2d) 695.

Court has a wide discretion in extending the term of court. Goldstone v. State, 25 S. W. (2d) 852.

Court may consider motion for new trial during extended term. Drane v. Humble Oil & Ref. Co., 4 S. W. (2d) 241.

MR. PRESIDING SHORT delivered the opinion of the Commission of Appeals, Section B.

This is an original application filed in the Supreme Court for the issuance of a writ of mandamus and of prohibition, requiring the respondents, one of whom was originally the Honorable W. W. Cook, Judge of the 78th District Court of Wichita County, Texas, and another, of whom is his successor, Honorable Irwin J. Vogel, requiring each of them to observe and respect the judgment entered December 5, 1931, in favor of the relator, Wichita Falls Traction Company, wherein the respondent, Mrs. Pearl Tedford, had previous to that time recovered a judgment for $13,000.00 against the relator, which judgment had been entered and was afterwards vacated, and a judgment entered in favor of relator that Pearl Tedford take nothing and pay the cost of suit.

The regular term of court, in which the case of Mrs. Pearl Tedford instituted against the relator for damages was tried to a jury and in which a judgment for $13,000.00 was rendered in favor of Mrs. Tedford against relator, finally terminated in a regular way on the 5th day of December, 1931, it having convened on the first Monday in September, and continued until the Saturday preceding the first Monday in December, the jury having rendered a verdict against the relator on October 14, 1931, and the relator having filed a motion for judg-

ment in its favor, which was overruled. On October 23, 1931, the court sustained a motion filed by Mrs. Tedford for judgment, and the judgment for $13,000.00 in favor of Mrs. Tedford and against the relator, Wichita Falls Traction Company, was entered. A judgment was entered discharging the defendant, Albert Liemkuhler, who was a co-defendant with the relator, growing out of the fact that there was a collision between an ambulance driven by Albert Liemkuhler and one of relator's cars, wherein Mrs. Tedford was injured.

In due time the relator filed its motion for a new trial. This motion was sustained and a judgment was finally entered on the minutes of the court on Saturday evening about 5 p. m. December 5, 1931, setting aside the original judgment in favor of Mrs. Tedford and entering a judgment in favor of the relator that she take nothing by her suit, and pay all costs. Appended to this judgment was the following statement made at the instance of the counsel representing Mrs. Tedford:

"To which action of the court the plaintiff, Pearl Tedford and the defendant, Albert Liemkuhler, in open court duly and seasonably excepted, and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth."

No motion of any character whatever was thereafter filed by Mrs. Tedford, or by anyone for her during such regular September term of the court, which ended by operation of the law December 5, 1931, but at the request of counsel for Mrs. Tedford the respondent, Cook, as Judge of the 78th District Court, made and entered on the minutes before the adjournment of the regular term in the cause of Tedford v. Wichita Falls Traction Company, No. 24508, the following order:

"This the 5th day of December A. D. 1931.

"It appearing to the Court that it is impracticable to conclude the trial of this cause at the present term, the present term is hereby extended for the purpose of concluding this case until and including the 1st day of February, A. D. 1932."

On January 26, 1932, counsel representing Mrs. Tedford filed in said cause a motion indorsed "Plaintiff's First Amended Motion for Judgment and New Trial," alleging error committed by the court in sustaining the relator's motion to set aside the original judgment in favor of Mrs. Tedford and entering a judgment in favor of the relator, and praying that the judgment rendered in favor of the relator be set aside, and the judgment be rendered upon the jury's verdict in favor of the plaintiff, Mrs. Pearl Tedford, for the sum of $13,000.00 with

interest and cost of suit, be re-entered. Thereafter, on the oral request of counsel representing Mrs. Tedford, the respondent, Cook, as Judge, signed and there was entered on the minutes an order in Cause No. 24508 previous to the first day of February, 1932, as follows:

"Whereas, on the 5th day of December, A. D. 1931, the court entered an order extending the September term, A. D. 1931, of this court until and including the 1st day of February A. D. 1932, for the purpose of concluding the trial of the above styled and numbered cause, and it now appearing that it will be impracticable to conclude this case within the time stated;

"It is, therefore, ordered that the September term, A. D. 1931, be and is hereby further extended until and including the 1st day of April, A. D. 1932, for the purpose of concluding said case."

The date of this order was March 31, 1932, at the end of which appears the following:

"Defendant excepts, Wichita Falls Traction Co., duly excepts."

After the foregoing proceedings had occurred, the counsel for Mrs. Tedford, on the same date, filed with the clerk of said court in said cause a motion by permission of the court, styled "Second Amended Motion for Judgment and New Trial," praying in substance the same as the motion filed January 26, 1932. Thereafter, on the same day, March 31, 1932, counsel for Mrs. Tedford signed and filed with the clerk another instrument in words and figures identical with the judgment first entered on October 23, 1931. At the bottom of the judgment and over the court's signature there was written the following:

"To all of which defendant, Wichita Falls Traction Company, duly excepts," and the order granting Mrs. Tedford's motion for judgment was changed so as to read as follows:

"April 1, 1932.

"After due and reasonable notice came on to be heard the plaintiff's motion to disregard the jury's findings in response to Special Issue No. 4 on the ground that the same has no support in evidence and to set aside the judgment heretofore rendered in favor of the Wichita Falls Traction Company, and to enter judgment herein in favor of the plaintiff and against the defendant, Wichita Falls Traction Company, for the sum of $13,000.00 together with interest thereon from date until paid at the rate of 6 per cent per annum, and for all costs of suit, and discharging the defendant, Albert Liemkuhler, from any liability in this case, and after duly considering said motion as

well as the motion filed by the Wichita Falls Traction Company for judgment in its favor, the court is of the opinion that the law is with the plaintiff.

"It is, therefore, ordered, adjudged and decreed by the court that the motion of the defendant, Wichita Falls Traction Company, be, and the same is hereby overruled, and that the plaintiff's motion be and the same is hereby sustained, and that the judgment heretofore rendered in favor of the defendant, Wichita Falls Traction Company is hereby set aside and judgment is herein rendered in favor of the plaintiff in accordance with said motion as follows: * * *."

On April 1, 1932, respondent, W. W. Cook, as Judge, signed and there was entered on the minutes an order in Cause No. 24508, as follows:

"Whereas, in the above cause, without notice to or consent of defendant, Wichita Falls Traction Company, an order was entered December 5, 1931, extending the September term of this court until February 1st, and on February 1st, in the same way and manner, another order was entered extending the September term of April 1, 1932, for purposes in connection with the above entitled cause, reference being made to said orders, and

"Whereas on this day, on the request of plaintiff, Mrs. Pearl Tedford, the judgment in favor of the defendant, Wichita Falls Traction Company, has been set aside and judgment entered in favor of plaintiff against Wichita Falls Traction Company for $13,000.00 over the objection and exception of defendant; and the court deems it proper to extend the time within which the defendant may file motions and exceptions and procure necessary orders, etc.,

"Therefore, it is ordered, adjudged and decreed by the court that this case be continued and that the same term be and it is hereby extended to and including May 1, 1932."

On April 27, 1932, said respondent, Cook, as Judge, signed and ordered filed in Cause No. 24508 another order, as follows:

"Whereas, in the above cause, an order was entered December 5, 1931, extending the September term of this court until February 1, 1932, and on February 1st in the same manner, another order was entered extending the September term to April 1 1932, reference to all said orders being made hereby; and

"Whereas, on the 31st day of March, 1932, on the request of plaintiff, Mrs. Pearl Tedford, the judgment in favor of the defendant, Wichita Falls Traction Company, was set aside and

judgment entered in favor of plaintiff against Wichita Falls Traction Company for $13,000.00, over the objection and exception of defendant; and the court at that time deemed it proper to extend the September term in order to give defendant time within which to file motions, exceptions, procure necessary orders, etc., and

"Whereas, an order was thereupon entered extending said term to and including May 1, 1932, and

"Whereas, it now appears that the time given is insufficient and inadequate for defendant to complete the preparation and entry of the proper motions, exceptions, and orders, and it is necessary that further time be granted within which such preparation, execution, filing and entry of motions, exceptions and orders may be completed, and for these and other good and sufficient reasons the court deems it proper to further extend the September term of this court for the full and final disposition of this cause;

"Therefore, it is ordered, adjudged and decreed by the court that this case be continued and that the said term be and is hereby extended to and including June 1, 1932."

The relator made an application to the Honorable Court of Civil Appeals of the Second Supreme Judicial District of Fort Worth similar to this application, which was dismissed for want of jurisdiction, and there was filed in the Supreme Court on May 25, 1932, this application, permission to file having been previously granted, and the matter was referred to Section B. In the meantime orders had been entered upon the minutes of the District Court of Wichita County in said cause, extending the September term, 1931, to the 31st day of May, 1933.

The proceedings which have been heretofore outlined were had by virtue alone of Article 1923, R. S., 1925. This article reads as follows:

"Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. If the term is extended as herein provided, no term of court in any other county shall fail because thereof, but the term of court therein may be opened and held as provided by law when the district judge fails to appear at the opening of a term of court."

■■ The authorities construing this article, while to some ex-

tent conflicting on account of the difference in the facts, demonstrate the fact to be that the language thereof should be liberally construed. This tendency of the court is illustrated by the opinion of Justice Greenwood in Gulf, Colorado & Santa Fe Ry. Co. v. Muse, 109 Texas, 352, 207 S. W., 897. We would not have any difficulty under the authorities of the case last cited, as well as other cases, including that of Stephenson v. Nichols (Com. App.), 286 S. W. 197, in reaching the conclusion that the several orders of the District Judge of Wichita County, in Cause No. 24508, were valid ones, and that their legal effect was to extend the term of the September term of 1931 of said district court in accordance therewith, and that the judgments entered in said cause by said court, during such extension, were properly entered, were it not for the fact that it is clearly shown by the record that Pearl Tedford had not filed any motion to set aside the judgment rendered in favor of the relator and to reinstate the judgment rendered in her favor against said relator at the time the regular term of said court expired by operation of law, and that she did not file any such motion until the 26th day of January, 1932. The record also fails to disclose any reason why this motion was not filed during the regular term. Had said motion been filed, under the authority of the Muse case, as well as others, the jurisdiction over said cause of the court would have continued, and every presumption would be indulged in favor of the proper exercise of such jurisdiction. "Whenever all judicial acts appertaining to the trial of a given case have been done, which have been duly invoked, and which are required by law to be done during the term in which the trial is had, and due entry has been made of all such of these judicial acts as are required by law to be entered in the court record, the trial of such case is concluded within the meaning of the statute," Stephenson v. Nichols, supra; 11 Texas Jurisprudence, par. 73.

■ Thus when the trial court had granted a motion for a new trial the case was finally disposed of, and there was nothing left upon which the court might exercise jurisdiction, and in consequence of which subsequent attempts to make orders were void. Knight v. State, 99 Texas Crim. Rep., 15, 267 S. W., 983; Drane v. Humble Oil & Refining Company, 4 S. W. (2d) 241.

■ We are constrained to conclude, therefore, that in said cause No. 24508, the District Court of Wichita County had lost jurisdiction of this case, on December 5, 1931, when it attempted to extend the regular term of said court. The mere fact that the

trial judge was not satisfied with the order he had made in setting aside the original judgment in favor of the relator, could not have the legal effect to authorize the order extending the term under the terms of the statute. However liberal the courts have been in construing the language of this statute, they have not permitted trial judges to extend the terms of a court to suit their convenience or for purposes of their own, however praiseworthy such purposes may be.

In other words, we are of the opinion that the said District Court of Wichita County was not "in the midst of the trial" of the cause of Pearl Tedford against the Wichita Falls Traction Company on the evening of December 5, 1931, when the order of that date was made, but that the court had lost jurisdiction of this cause when it granted the relator's motion to the extent of setting aside the judgment, which had before that time been rendered in favor of Pearl Tedford upon the verdict of a jury. The court had authority to grant the motion of relator, to the extent of setting aside the judgment rendered upon the verdict of the jury in favor of Pearl Tedford, and no motion to set aside this order having been filed during the regular term of the court, there was no basis for the court to act as it attempted to act in extending the term of said court beyond the regular term. Such being the situation, anything and everything which the court did, after the end of the regular term, was void.

■ While we hold that such orders, as were made after the expiration of the regular term, are void, it being apparent that the case of Pearl Tedford against Wichita Falls Traction Company and another, was tried to a jury, and the judgment in favor of Pearl Tedford was entered upon the verdict of a jury, in view of the further fact that the record shows without dispute that the trial judge was not content to give the relator a new trial, but went further and attempted to supersede the effect of the findings of fact by the jury, and to render a judgment of its own contrary to that rendered, which was based upon the verdict of the jury, which was an invasion of the rights of Pearl Tedford, who had a right to have the facts passed on by a jury, this action was also void. The judgment granting a new trial in favor of the relator was a valid judgment and has remained valid from that day to this. So much of said judgment, as attempts to render a judgment in favor of the relator and against Pearl Tedford, was an attempted exercise of power not given the trial court under the law, and so much of said order as attempts to render a judgment in favor of relator and against Pearl Tedford was a nullity and so re-

mains. The effect of the order of December 5, 1931, insofar as it was valid, was to set aside all the proceedings in the case which had been had during the term and left the case for trial just as though no proceedings had ever been had.

Article 2232, R. S., 1925, authorizes trial courts to grant new trials and to set aside judgments for good causes on such terms as the court shall direct, and provides that such motion shall be made within two days after the rendition of the verdict if the term of court shall continue so long, if not, then before the end of the term, and may be amended under leave of the court. We find in this article all the law authorizing the court to give relief to a defeated litigant. The granting of a new trial means that the case shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had. If the court thinks that the ends of justice have not been attained by the verdict of the jury it is clearly its duty to set aside the judgment rendered on the verdict. Texas & P. R. R. Co. v. Casey, 52 Texas, 112.

A trial by a jury is a lawful right given to litigants and when that right has been invoked, the procedure incident thereto must be followed. It is the peculiar province of the jury to find the facts of the case and no court has the right to substitute its own findings of fact and render judgment thereon in opposition to the findings of fact by a jury. It can only set aside the verdict of the jury and the judgment rendered thereon, the effect of which is to reinstate the case upon the docket in the same situation as it was before there was a trial.

The court's action in setting aside the judgment in favor of Pearl Tedford upon the jury's findings of fact operated to set aside the verdict merged with the judgment, and grant a new trial, after which the case stood on the docket as if it had never been tried. In other words, the setting aside of the judgment, rendered upon the verdict of the jury, was tantamount to granting a new trial and another judgment could not be entered without another trial. Smith v. Thornton, 119 Texas, 344, 29 S. W. (2d) 314.

It therefore follows that so much of said order of December 5, 1931, as attempts to render a judgment in favor of the relator and against Pearl Tedford, is a nullity.

The legal effect of the conclusions we have reached as the status of Cause No. 24508 upon the docket of the 78th District Court of Wichita County is that this cause stands for trial upon that docket as though it had never been tried, and we will assume that the present judge of the 78th District Court of

Wichita County will proceed in this case as though Cause No. 24508 had never been tried.

We therefore recommend that relator's petition for writ of mandamus denied.

The opinion of the Commission of Appeals is adopted, and mandamus refused.

C. M. CURETON, Chief Justice.