ANNIE LEE DeMOSS ET VIR V. HONORABLE
CULLEN W. BRIGGS, DISTRICT JUDGE ET AL.

No. A-1191. Decided April 16, 1947.
(201 S. W., 2d Series, 40.)

Phillips, Horton & Smith, and Tarvis Smith, of Corpus
Christi, for relator.

Tarlton Stafford and John C. North, Jr., of Corpus Christi,
for respondents.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

This is an original proceeding filed in this court by Mrs.
Annie Lee DeMoss and husband, Frank E. DeMoss, to compel
by mandamus the Honorable Cullen W. Briggs, Judge of the
117th District Court of Nueces County, to treat as final a judg-

ment in favor of Mrs. DeMoss rendered in his court on February 6, 1947, against the United States Fidelity & Guaranty Company and to compel the district clerk to issue execution thereon. In the alternative, they seek to compel Judge Briggs to reinstate the cause upon the trial docket of his court or to transfer same to one of the other district courts of Nueces County for trial.

The original cause came on for trial on November 19, 1946. A jury was impaneled and, at the conclusion of the evidence, the defendant moved for an instructed verdict. The motion was overruled and the case submitted to the jury on special issues. The answers of the jury, returned on November 27th, were favorable to the plaintiff. The defendant then filed a motion for judgment non obstante veredicto, which motion was overruled and judgment rendered for plaintiff on the verdict on December 7, 1946. Defendant then timely filed a motion for a new trial and upon a consideration of same and of the argument in support thereof, Judge Briggs came to the conclusion that upon the authority of a recent decision of this court the motion for judgment non obstante veredicto should have been granted. Without passing on the motion for a new trial at that time the court entered an order dated December 19th, extending the November term of court to February 1, 1947. On January 29, 1947, upon his reconsideration of defendant's motion for judgment non obstante veredicto, the court granted same and entered an order setting aside the jury verdict on which the judgment of December 7th was rendered, and rendered judgment non obstante veredicto in favor of the defendant. Two days later the plaintiff filed a motion to set aside the judgment of January 29th, and upon that date Judge Briggs further extended the term of court to February 7, 1947.

On February 6, 1947, he granted plaintiff's motion to set aside the judgment of January 29th and reinstate the judgment of December 7th. In explanation of this ruling, it is stated in the answer filed here that Judge Briggs had become convinced that his judgment of January 29th accomplished nothing, since it did not in terms set aside the judgment of December 7th, but merely set aside the jury verdict upon which that judgment was based. On the same day that plaintiff's motion was granted, February 6, 1947, Judge Briggs entered an order further extending the November term of court through February 27, 1947. On February 21st defendant filed two motions, (1) to set aside the judgment in favor of plaintiff, and (2) for rehearing of defendant's motion for judgment non obstante veredicto filed

after the return of the verdict in November. On February 26, 1947, both of these motions were granted and judgment was entered non obstante veredicto for defendant.

It is the position of relators that when on February 6th Judge Briggs granted their motion to set aside the judgment of January 29th and reinstate the original judgment of December 7th, the trial of the cause was completed and there was nothing further pending before the court in connection therewith. Wherefore, it is argued, the term expired on February 7th, the date to which it had theretofore been extended, and all orders made in the case after that date were void. We cannot adopt that view.

■ The authority of a district judge to extend the term of his court is defined by Art. 1923, R. S. 1925, which reads in part as follows:

"Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. * * *"

Relators raise no question of the validity of the order of December 19th extending the term to February 1st or of the order of January 31st extending the term to February 7th. They question only the order of February 6th extending the term through February 27th.

As pointed out above the defendant timely filed a motion for new trial after the rendition of the judgment against it on December 7th. That motion was still pending on February 7th. Relators claim that same was in effect granted by the court by its order of January 29th setting aside the jury verdict and rendering judgment for defendant non obstante veredicto. That effect, in our opinion, should not be given to that order. The two motions differ widely in the inquiry for judgment and the relief sought, and the granting of a motion for judgment non obstante veredicto is in no sense the granting of a motion for a new trial. City of San Antonio v. McKenzie Construction Co., 136 Texas 315, 150 S. W. (2d) 989.

■ Relators take the further position that the effect of the order of February 6th setting aside the judgment non obstante veredicto in favor of defendant entered on January 29th was to

overrule the motion for a new trial leaving nothing pending for decision before the court. We are unable to adopt that view. When a judgment non obstante veredicto is set aside the party in whose favor the judgment ran may then be heard to complain of errors committed upon the trial of the cause. McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. (2d) 442; LeMaster v. Ft. Worth Transit Co., 138 Texas, 512, 160 S. W. (2d) 224; Happ v. Happ, 160 S. W. (2d) 227, (error refused for want of merit).

■ The fact that the motion for new trial was filed shortly after the rendition of the judgment of December 7th, and long before the rendition of the judgments of January 29th and February 6th, is of no importance. Rule 306c, which became effective on February 1, 1946, provides that: "No motion for a new trial, * * * shall be held ineffective because prematurely filed, * * *". When the court on February 6th reinstated the judgment of December 7th in favor of plaintiff, the motion for a new trial challenging the legality and regularity of that judgment remained on the docket for decision and the duty to decide same rested upon Judge Briggs. That being true, he had the right to extend the term to February 27th.

By their alternative plea, relators take the position that the order of January 29th, attempting to render judgment non obstante veredicto for defendant, had effect only to grant a new trial, and as a result the case remains on the docket for trial. They question the authority of a trial court to set aside a judgment rendered by it on the veredict of a jury and then render judgment non obstante veredicto. Their contention is based primarily upon the holding in Wichita Falls Traction Co. v. Cook, 60 S. W. (2d) 764. That case does not support the contention. No motion for judgment non obstante veredicto was filed in the case. Further, the opinion reflects that there were fact issues involved for determination by the jury. Accordingly, it was held that the court had no power to substitute its own findings for the findings of the jury, and that the only effect of the order in that case was to grant a motion for a new trial, leaving nothing pending for determination in the case at the time the order purporting to extend the term was entered. That is not the situation in the case before us. The court in this case had before it at all times the motion for judgment non obstante veredicto which, we must assume in this proceeding, should have been granted. Its jurisdiction to pass on that motion having attached, it continued until same was determined either by a

586

final order or by operation of law and the fact that it had theretofore entered judgment on the veredict did not terminate such jurisdiction.

Having held that Judge Briggs legally extended the term of court through February 27th it follows that the final judgment of February 26th was validly entered, for the court had full power over its judgments until the end of the term, as extended. Gulf, C. & S. F. Ry. Co., v. Muse, 109 Texas 352, 207 S. W. 897.

The relief prayed for will be denied.

Opinion delivered April 16, 1947.