**Earl WALKER, Appellant,**

v.

**S & T TRUCK LINES, INC., et al., Appellees.**

**No. 229.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 15, 1966.

Rehearing Denied Jan. 5, 1967.

Cox & Patterson, J. W. Patterson, Jr., McAllen, for appellant.

Adams, Graham, Lewis & Graham, Marshall Graham, M. W. Russell, Jr., Martin Ferrero, of Ferraro, Snedeker & Vela, Harlingen, for appellees.

## OPINION

SHARPE, Justice.

Appellees' motion to dismiss the appeal for want of jurisdiction in this court is granted.

On November 3, 1965 the lower court after jury trial rendered judgment that appellant, plaintiff below, take nothing by this suit. Appellant did not file a motion for new trial. However, on November 12, 1965 appellant filed motion for judgment non obstante veredicto and to disregard certain jury findings and to set aside the judgment previously rendered and to enter judgment in favor of appellant in the amount of $6,707.66, which motion was amended on November 19, 1965. For convenience, we will hereafter usually refer to plaintiff's motion as one for judgment non obstante veredicto. The trial court conducted a hearing on the amended motion on December 31, 1965 and overruled it on January 3, 1966, which date was on the sixty-first day after entry of the judgment and on the forty-fifth day after the filing of appellant's amended motion for judgment non obstante veredicto. Notice of appeal for the first time was filed on that same date along with the appeal bond.

Appellees' motion to dismiss the appeal is premised upon the contention that the judgment of the trial court rendered on November 3, 1965 became final thirty days after its entry in the absence of a motion for new trial; that since notice of appeal was not given within ten days as provided by Rule 353 Texas Rules of Civil Procedure and bond was not filed within thirty days of the judgment as provided for by Rule 356 T.R.C.P., that the appeal was not perfected and that this court is without jurisdiction.

Appellant's position is that his appeal was timely perfected even though he did not file motion for new trial, because after entry of judgment he filed an original and amended motion for judgment non obstante veredicto within the time limits provided by Rule 329b, T.R.C.P., for filing of original and amended motions for new trial; that the trial court denied his amended motion for judgment non obstante veredicto on the forty-fifth day after it was filed, and notice of appeal and bond were filed on the same date.

We agree with appellees.

 There is no provision in the Rules or Statutes which prevents a judgment from becoming final simply because motion for judgment non obstante veredicto and to disregard findings is filed under Rule 301, T.R.C.P., after entry of judgment.

In 4 McDonald Texas Civil Practice, Judgments, § 17.32, page 1415, relating to motions under Rule 301, T.R.C.P., the following statement appears:

"Undoubtedly it is desirable for the motion to be filed and determined before any judgment is rendered. The trial court may, however, err in rendering judgment and, before such erroneous judgment becomes final, may be convinced of his error. Consistent with the theory underlying rule 301, that the error of an improper decision should be corrected in the trial court, that court may, by the better view, set aside such judgment before it becomes final and grant a motion for judgment non obstante veredicto."

In Hann v. Life & Casualty Insurance Co. of Tenn., 312 S.W.2d 261, 263 (Tex.Civ. App., San Antonio, 1958, n. w. h.), the court held as follows:

"The rules do not provide for a time limit on the filing and passing upon of a motion non obstante veredicto, therefore, such motion may be filed even after the court has rendered judgment on the verdict, and may be acted upon any time before the motion or amended motion for a new trial has been overruled, either by the court or by operation of law."

In De Moss v. Briggs, 145 Tex. 582, 201 S.W.2d 40, 41, (1947) where both motions

for new trial and for judgment non obstante veredicto were involved, the court said:

"The two motions differ widely in the inquiry invoked and the relief sought, and the granting of a motion for judgment non obstante veredicto is in no sense the granting of a motion for new trial. City of San Antonio v. McKenzie Construction Co., 136 Tex. 315, 150 S.W.2d 989."

See also the opinion in Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970 (1936), which discusses the history and purpose of Article 2211, V.A.C.S., enacted in 1931, and since 1941 carried forward unchanged as Rule 301, T.R.C.P.

In Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960), our Supreme Court has held that contentions raised by motion for judgment non obstante veredicto need not be incorporated in a motion for new trial as a prerequisite to appeal. In such connection at P. 890 of the opinion the court said:

"While trial court action denying a motion for judgment non obstante veredicto would seem, under the literal wording of Rule 324, to eliminate altogether the necessity for filing a motion for new trial as a prerequisite to appeal, except as to the matters designated in Rule 325, it was not so intended and it has not been and should not be so construed. Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, 763–764, writ refused; Fenley v. Ogletree, Tex.Civ.App., 277 S.W.2d 135, 140, writ refused, n. r. e.; City of San Antonio v. Gonzales, Tex.Civ.App., 304 S.W.2d 429, writ refused, n. r. e.; Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909, 910–911, writ refused, n. r. e. The purpose of the quoted provision of Rule 324 as it relates to a party whose motion non obstante veredicto is denied is to authorize appeal on the grounds stated in the motion without the necessity of incorporating the grounds in a motion for new trial. It was not the purpose of that language to eliminate the necessity for complaining in a motion for new trial

of other errors committed on the trial. A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. If he follows that course, he may complain on appeal only of the denial of the motion non obstante veredicto. If he files a motion for new trial as a predicate for complaining of other errors, he need not incorporate in it assignments complaining of the overruling of his motion for judgment non obstante veredicto."

Rule 324, T.R.C.P. was amended in 1962 so as to clarify and restate it in the light of Wagner v. Foster, supra.

■ It is true that had appellant filed an original and amended motion for new trial within the time limits permitted by Rule 329b, T.R.C.P., then the trial court could have ruled upon appellant's motion for judgment non obstante veredicto at any time until expiration of forty-five days after the filing of the amended motion for new trial, and, if denied, could have then perfected an appeal by timely giving notice of appeal and filing bond. Hann v. Life & Casualty Insurance Co. of Tenn., supra. But in the absence of a timely filed motion for new trial, the judgment herein rendered on November 3, 1965 became final after the expiration of thirty days from its date. Rule 329b, T.R.C.P. Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961); Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Stonedale v. Stonedale, 401 S.W.2d 725, 728 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.).

■ In this case, where a motion for new trial was not filed, the appellant could have perfected his appeal only by giving notice of appeal within ten days and filing appeal bond within thirty days after entry of the judgment as provided by Rules 353 and 356, T.R.C.P. This was not done.

Appellees' motion to dismiss this appeal is supported in principle by American Hos-

pital and Life Insurance Co. v. Kern, 359 S.W.2d 907 (Tex.Civ.App., Beaumont, 1962, wr. dism.) and Bellmead State Bank v. Campbell, 386 S.W.2d 205 (Tex.Civ.App., Waco, 1964, n. w. h.).

None of the cases cited by appellant supports his position that his appeal can be timely perfected on the basis of a trial court order overruling his amended motion for judgment non obstante veredicto on the sixty-first day after entry of the judgment, even though appellant filed his original and amended motions for same within the time limits provided by Rule 329b, T.R.C.P., and the trial court denied the amended motion on the forty-fifth day after it was filed.

The cases upon which appellant apparently places primary reliance are Fireman's Fund Insurance Company v. Martinez, 387 S.W.2d 443 (Tex.Civ.App., Austin, 1965, wr. ref. n. r. e.) and Beal v. Great American Indemnity Company, 322 S.W.2d 399 (Tex.Civ.App., Texarkana, 1959, n. w. h.). In Fireman's Fund Insurance Company v. Martinez, supra, the Court of Civil Appeals overruled appellee's motion to dismiss and considered only the points raised in appellant's motion for judgment non obstante veredicto. That motion was filed in the trial court on May 25, 1964 and objected to the proposed judgment which was entered on the same day. Later, and within 30 days from entry of the original judgment, the trial court changed the date of entry of judgment to June 17, 1964, and stated that the purpose of the change was to permit appellant to file a motion for new trial. The Court of Civil Appeals held that this latter action was improper and that the trial court was not authorized to enlarge the time for filing the motion for new trial. However, the Court of Civil Appeals further held that appellant's motion to set aside the judgment fulfilled the requirements of a motion for judgment non obstante veredicto under Rule 301, T.R.C.P., and that the appellate court could consider the points raised thereby, without a motion for new trial being filed, citing Rule 324 and Wagner v. Foster, supra. The opinion

does not show that any question was raised concerning either the timely giving of notice of appeal or filing of the appeal bond. The decision is not authority for the proposition that the trial court can consider a motion for judgment non obstante veredicto at a time after expiration of thirty days from entry of the judgment in the absence of a motion for new trial. In Beal v. Great American Indemnity Company, supra, the trial court first granted appellant's motion for judgment non obstante veredicto and to disregard a jury finding and awarded him a recovery of $4,272.50. Thereafter appellee timely filed original and amended motion for new trial, two grounds of which set up that the trial court had erred in refusing to grant appellee's motion for instructed verdict. The trial court then agreed with appellee, disregarded the jury answers to certain issues, and proceeded to render judgment in favor of appellee that appellant take nothing. The Court of Civil Appeals reversed the last-mentioned judgment and held that appellee's amended motion for new trial did not satisfy the requirements of a motion for judgment non obstante veredicto under Rule 301, T.R.C.P., and, therefore, the effect of the second judgment was to set aside the first one and grant a new trial. That case is not authority in support of appellant's position here.

■ Appellant also contends that his motion for judgment non obstante veredicto was in the nature of a motion for new trial although not so designated and that it was intended to serve as a motion for new trial for the purpose of establishing the time schedule presented by the Rules. Appellant places reliance in part on the case of Worth Steel Corporation v. Gartman, 361 S.W. 2d 426 (Tex.Civ.App., Fort Worth, 1962, wr. ref. n. r. e.). In that case the court held that the only legal effect the instrument there in question could have was as an amended motion for new trial, although it was deficient in some respects. In this case the appellant has consistently insisted in the trial court and here that he does not

want a new trial; that what he desires is for the court to set aside the judgment rendered against him and enter another judgment awarding him a recovery of $6,707.66. The prayer of appellant's amended motion reads as follows:

> "WHEREFORE, PLAINTIFF prays that the Court set aside the judgment in favor of the DEFENDANTS previously entered herein on or about November 3, 1965, and that the Court disregarded the answers of the jury to Special Issues Nos. 11 and 12 and enter a new judgment for PLAINTIFF in accordance with the remainder of the verdict of the jury in the amount of $6,707.66, in lieu of and to replace the original judgment, and that PLAINTIFF recover all costs herein expended, and have such other and further relief as shall be appropriate and to which PLAINTIFF may show himself entitled with relation to the entering of a new judgment in favor of PLAINTIFF, in the amount of $6,707.66."

Plaintiff's position is consistent with the relief sought by a motion for judgment non obstante veredicto, but not that sought by motion for new trial. In Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764, 768 (1933) the court said:

> "The granting of a new trial means that the case shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had."

Appellant's motion for judgment non obstante veredicto was not a motion for new trial and cannot be so considered.

We are not dealing with a case where the trial court acts within thirty days of entry of the judgment, during which period of time the court has control of it under Rule 329b, T.R.C.P. However, even if we were, and the trial court had denied appellant's motion for judgment non obstante veredicto within 30 days from the judgment, the time for giving notice of appeal and bond as provided by Rules 353 and 356, T.R.C.P., would run from the date of the judgment in the absence of a motion for new trial.

For the reasons stated, appellees' motion to dismiss is granted and the appeal is dismissed.