**CORPUS CHRISTI THEATRES, INC.,**
Appellant,

v.

**Leonardo VASQUEZ et ux., Appellees.**

**No. 555.**

Court of Civil Appeals of Texas,
Corpus Christi.

July 23, 1970.

Rehearing Denied Aug. 18, 1970.

Stephen N. Zimmerman, Alice Giessel, of Talbert, Giessel, Barnett & Stone, Houston, for appellant.

Edwards & DeAnda, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

The judgment based on the jury verdict in this personal injury cause grants recovery to plaintiffs (appellees) of the sum of $5,000.00 from the defendant *Corpus Christi Theatres, Inc.*, appellant. The other two defendants, Port Theatre Corporation and United Artists Theatre Circuit, Inc., who were sued along with appellant, and who sought no affirmative relief, were dismissed in the judgment as parties, at plaintiffs' request. The judgment was signed and entered *December 24, 1969.* Defendant Corpus Christi Theatres, Inc. gave notice of appeal in the decree.

After the verdict was returned, defendant *Corpus Christi Theatres, Inc.*, on December 8, 1969, filed a motion for judgment N.O.V. An order of the court overruling this motion was signed and entered by the trial court on December 31, 1969. Defendant *Corpus Christi Theatres, Inc.*, did not file a motion for new trial.

A motion for new trial was filed by the defendant *Port Theatre Corporation* on January 3, 1970, although no judgment was taken against that defendant, no requested relief was denied it, and it had been dismissed as a party to the suit. This motion was not acted on by the court, and was overruled by law forty-five days after January 3, 1970, being February 17, 1970. *Port Theatre Corporation* although it filed notice of appeal on January 3, 1970, executed no appeal bond, and is not an appellant in this cause.

The sole party seeking to appeal is *Corpus Christi Theatres Inc.*, the only defendant against whom judgment was had. This defendant executed and filed an appeal and supersedeas bond on *March 12, 1970*, which bond was on that date approved by the district clerk. The transcript and statement of facts were filed in this Court on *March 30, 1970*.

This case on appeal was styled as Port Theatre Corporation et al v. Leonardo Vasquez et ux. Since Port did not perfect an appeal, the records of this Court are ordered corrected so as to style the appealed cause "Corpus Christi Theatres, Inc. v. Leonardo Vasquez et ux."

Appellees, plaintiffs below, have filed their motion attacking the jurisdiction of this Court to entertain this appeal, and they ask that the appeal be dismissed. Written notice of the filing of appellees' motion to dismiss was timely furnished appellant's attorney of record, and no reply to such motion has been received by this Court. We agree with appellees' position.

■ This being a jury trial, and appellant having filed no motion for a new trial, it was required, in order to perfect its appeal, to file an appeal bond within thirty days after the rendition of judgment. Rule 356, T.R.C.P.; Walker v. S & T Truck Lines, Inc., Tex.Civ.App., 409 S.W. 2d 942, wr. ref., and cases there cited. Appellant's appeal bond was filed March 12, 1970, which was 78 days after the entry of judgment.

■ The motion for judgment N.O.V. filed by appellant was not in the nature of a motion for new trial, and did not extend the time for the appellate procedure of the case. Walker v. S & T Truck Lines, Inc., supra.

■ The required time for appellant to perfect its appeal is in no way affected by the motion for new trial filed by Port Theatre Corporation. The appellant must base its appeal on its own actions, and

can not rely on the acts of other parties to extend its time limits within which to act. Angelina County v. McFarland, Tex.Sup., 374 S.W.2d 417; Peurifoy v. Wiebusch, Tex.Com.App., 125 Tex. 207, 82 S.W.2d 624, op. adopted; Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434.

Since the appeal bond was not filed within the time required by Rule 356, this Court did not secure jurisdiction to entertain this appeal.

As held above, the date for calculating the time in which the various steps leading toward the appeal had to be taken was December 24, 1969, the date the judgment was signed. In the absence of motions for extension of time (and none were filed) appellant was required, in order to give the appellate court jurisdiction, to file the transcript in the appellate court within sixty days from that date, i. e., on or before February 23, 1970 (a Monday). Rule 386, T.R.C.P. *Angelina County,* supra; *Walker,* supra. The transcript was submitted and filed on March 30, 1970.

For the reasons stated above, this Court has no jurisdiction to entertain this appeal. Appellees' motion to dismiss is granted.

Appeal dismissed.