**SOUTH PADRE DEVELOPMENT CO., INC., et al., Appellants,**

v.

**REALTY GROWTH INVESTORS et al., Appellees.**

**No. 1167.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 21, 1976.

Rehearing Denied Dec. 2, 1976.

John D. VanKleef, Rollins M. Koppel, Harlingen, for appellants.

William Fred Hagans, Bracewell & Patterson, Houston, for appellees.

OPINION

BISSETT, Justice.

The question to be determined is whether, under Rule 386, T.R.C.P., the record in this case was timely filed in this Court.

Final judgment was rendered on June 2, 1976. South Padre Development Company, Inc., et al. (SPDC), plaintiffs in the trial court, and American General Life Insurance Company (AGLIC), a defendant in the court below, each gave notice of appeal and timely filed appeal bonds. Realty Growth Investors (RGI), also a defendant in the trial court, did not appeal.

AGLIC filed a motion for new trial on June 14, 1976, which was later amended. The motion, as amended, was overruled on August 9, 1976. It then filed a transcript in this Court on September 28, 1976 in an appeal that is independent from that attempted by SPDC. It (AGLIC) timely filed a motion for an extension of time within which to file the statement of facts. The motion was granted by this Court on October 14, 1976.

SPDC did not file a motion for new trial. Therefore, the 60–day period for SPDC to file the record in this case expired on August 2, 1976, absent the timely filing (and

granting) of a motion for an extension of time pursuant to Rule 21c, T.R.C.P.

RGI filed a motion in this Court on September 8, 1976 to affirm on certificate. It was stated therein:

"More than sixty (60) days have elapsed since the judgment was signed and more than fifteen (15) days have elapsed since the last date on which the transcript and statement of facts could be filed. The Appellants have not filed the transcript and statement of facts, and the Appellants have not filed a motion to extend the time in which to file the transcript and statement of facts. Therefore, the Appellants have failed to file a transcript of the record in the proper time, and RGI is now entitled to have the judgment below affirmed insofar as it relates to RGI."

On September 17, 1976 SPDC filed the transcript in this Court, together with an accompanying motion denominated "Appellant's Motion for Extension of Time on Appeal", which motion, in part, stated:

"I.

This Motion is filed within the time requirements as set forth in Rule 21c, Texas Rules of Civil Procedure. The last date for timely filing the Transcript and Statement of Facts in this appeal is October 4, 1976, and the date of this filing is within fifteen (15) days of the aforementioned deadline.

II.

The inability to timely file the Statement of Facts in this cause can be explained by the Certificate of Mr. Jimmy Eaves, Official Court Reporter of the 107th Judicial District Court, wherein he states that because of the length of the record, it was impossible to transcribe the same in the time period required under the Texas Rules of Civil Procedure. It further states that Mr. Eaves expects the Statement of Facts to be completed between November 15 and December 1 of 1976. . . ."

SPDC, in certain objections filed in this Court on October 12, 1976 again asserted that it timely perfected its appeal on September 17, 1976, and, for the first time, stated:

"In the alternative, if it is shown unto the Court that this Appellant failed to timely file its transcript, this Appellant would show that under Rule 21c of the Texas Rules of Civil Procedure (1976) that this Court has the discretion to accept such filing as timely filed. This Court would be within its discretion in allowing such filing since this Appellant has presented to the Court an explanation which is reasonable, as of a matter of law. In this connection, attached hereto is the Affidavit of Josephine Dunkelberg as Exhibit 'A', which is incorporated herein by reference as if the same were fully and at large set forth at this point, which indicates that the transcript was requested on June 29, 1976; that such transcript is in excess of 1,400 pages; and that it was completed on September 17, 1976, subsequent to the ruling by the Court on the amended Motion for New Trial filed by American General Life Insurance Company of Delaware. . . ."

Rule 386, T.R.C.P., requires that the record in an appeal be filed in the Court of Civil Appeals "within sixty days from the rendition of the final judgment or order overruling motion for new trial".

Rule 21c, T.R.C.P., provides:

"The failure of a party to timely file a transcript, statement of facts, motion of rehearing in the court of civil appeals or application for writ of error, will not authorize a dismissal or loss of the appeal if the defaulting party files a motion reasonably explaining such failure in the court whose jurisdiction to make the next ruling in the case would be affected by such failure. Said motion must be filed within fifteen (15) days of the last date for timely filing provided in the applicable rule or rules sought to be avoided, although it may be acted upon by the court at a date thereafter."

The contention by SPDC that the last date for filing the record in this appeal "is October 4, 1976" cannot be sustained. It

is well settled that an appellant must perfect his own appeal, and may not rely on another appellant's actions. *Angelina County v. McFarland,* 374 S.W.2d 417 (Tex. Sup.1964); *Corpus Christi Theatres, Inc. v. Vasquez,* 457 S.W.2d 382 (Tex.Civ.App.— Corpus Christi 1970, no writ). The required time for SPDC to file the record in its appeal is in no way affected or extended by the motion for new trial filed by AGLIC and the action by the trial court thereon.

■ Rule 21c furnishes the only way whereby the 60–day period for filing the record in the Court of Civil Appeals may be extended. Under that Rule, the appellant *must* file a motion no later than 15 days after the 60–day period expires "reasonably explaining" the reason why the record was not filed within the time limit imposed by Rule 386. The use of the word "must" makes the requirement that the motion be filed within the 15–day period mandatory. Such a motion which is filed after the 15–day period has expired is too late.

The question of whether SPDC has "used due diligence in attempting to timely file the record" is not before this Court in this appeal, as argued by SPDC in its brief. The question to be determined in this appeal is not whether "reasonable explanation" is shown for SPDC's failure to file the record within 60 days after the date final judgment was rendered, as insisted by SPDC. Instead the issue to be resolved is whether there has been compliance with the mandatory provision of Rule 21c that the motion be filed within 15 days after the date the judgment was signed.

Since SPDC did not file a motion for new trial, the 60–day period for the filing of the record expired on August 2, 1976. Rule 386, supra. The time during which SPDC could have filed a motion under Rule 21c to extend the time within which to file the record expired on August 17, 1976. That was not done. The transcript and the accompanying motion for extension of time to file the statement of facts was filed on September 17, 1976. That is too late to invoke the appellate jurisdiction of this Court in this appeal. SPDC did not *timely*

file a motion to extend the time for filing either the transcript or the statement of facts. See *Cousins v. Brown,* 539 S.W.2d 233 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ history on date of this opinion).

The motion for affirmance on certificate fully complies with the requirements of Rule 387, T.R.C.P., and should be granted. RGI is entitled to have the judgment of the trial court affirmed insofar as the judgment relates to it (RGI).

The judgment of the trial court insofar as it determined and disposed of the controversy between SPDC and RGI is AFFIRMED.