Charles R. WOLFE, Appellant,

v.

**EAST TEXAS SEED COMPANY,**
Appellee.

No. 17277.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 14, 1979.

Rehearing Denied July 5, 1979.

Adams, Adams & Blackburn, Joe R. Blackburn, Houston, for appellant.

Parks & Moss, Michael L. Parks, Houston, for appellee.

DOYLE, Justice.

This is an appeal from a judgment based on a sworn account. East Texas Seed Company (appellee) sued Charles R. Wolfe (appellant) and Nick Wolfe, doing business as

Wolfe Construction Company, for certain goods and merchandise sold and delivered to the construction company on an open account from February 9, 1974, through September 30, 1974, for a total amount of $6,323.05. Alternatively, appellee sued the partnership of Charles R. Wolfe and Nick Wolfe, doing business under the firm name of Wolfe Construction Company, for the amount of the debt, claiming that appellee had no knowledge of the dissolution of the partnership in 1973, said partnership having been formed in 1971. Appellee further alleged that if it had been aware of said dissolution it would not have extended credit to the construction company. Each of the Wolfes was represented by counsel at the trial before the court. Appellant defended on the grounds that he was without legal capacity to be sued since his partnership with Nick Wolfe had been dissolved in 1973 prior to the inception of debt made the basis of this suit. The merchandise invoices of appellee were introduced without objection by appellant. The trial court awarded appellee judgment against the defendants, jointly and severally, for $5,318.04 with interest. Only Charles R. Wolfe appealed. We affirm this judgment.

The record before this court includes appellant's motion for new trial wherein he claims appellee did not rely on his credit as a requirement for transacting business with Wolfe Construction Company and he objects to allowing the photocopies of the sales invoices into evidence. This record also includes a statement of facts, transcript and the photocopy exhibits. No findings of fact or conclusions of law were requested or filed.

Appellant's first two points of error complain of the trial court's admission of machine duplicated copies of invoices of account, without which there would be no evidence of his indebtedness to appellee.

The evidence shows that defendant Nick Wolfe objected to the admission of the photocopies of the sales invoices, but appellant did not. On appeal, appellant seeks to avail himself of his co-defendant's objection to the photocopies interposed at the trial.

We hold that appellant can not do so. Appellant had at least two opportunities to object to this evidence when asked directly by the trial judge if there were any objections.

Objections to the admission of evidence must be timely made when the evidence is offered and not after it has been received. 3 Tex.Jur.2d Appeal and Error— Civil § 111 (1974) p. 451. *Housing Authority of City of Galveston v. Henderson*, 267 S.W.2d 843 (Tex.Civ.App.—Galveston 1954). Further, a party must make his own objection to the evidence, or an exception to the ruling of the court regarding the objection, if he wishes to preserve any error for appeal. 4 C.J.S. Appeal and Error § 251 (1957) p. 769; *South Padre Development Co. v. Realty Growth Investors*, 543 S.W.2d 880 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

Appellant's contention that the trial court had before it no admissible evidence that appellant was indebted to appellee is without merit. Appellant waived any error regarding the admissibility of photocopies when he failed to timely object. Sections 2, 3 and 4 of Article 3731b, V.A.T.S., specifically provide for the introduction into evidence of copies reproduced by "photographic, photostatic, microfilm or other process which accurately reproduces or forms a durable medium for so reproducing the original, . . ."

The court allowed extensive examination of the subject exhibits. Appellee's manager of the Houston branch of East Texas Seed Company, Mr. Kirby, had to verify the signatures and circumstances regarding each exhibit. Also, the court allowed no damages for those invoices appellee could not substantiate, thus decreasing appellee's damage amount from $6,323.05 to $5,318.04. We overrule appellant's first two points of error.

Points of error three and four allege that the district court erred in rendering judgment for the plaintiff in that there was no evidence of probative value in the record to show that the plaintiff knew of or relied in

any way on the individual credit of defendant Charles R. Wolfe as a partner in the company in selling the merchandise or incurring the account, and that the court also erred in rendering judgment for the plaintiff against defendant Charles R. Wolfe in that the evidence of record clearly shows that this defendant received no value or benefit from any of the items made a basis of this suit. We overrule these points of error.

Appellant argues that pursuant to the Texas General Partnership Act, article 6132b, V.A.T.S., he is not under any duty to tender notice of dissolution of the partnership to creditors and, further, that he is absolved from all partnership liability under section 35(2)(a) of the Partnership Act, stating:

(2) The liability of a partner under Paragraph (1b) shall be satisfied out of partnership assets alone when such partner had been prior to dissolution:

(a) Unknown as a partner to the person with whom the contract is made; and

(b) So far unknown and inactive in partnership affairs that the business reputation of the partnership could not be said to have been in any degree due to his connection with it.

Appellant cites no authority for his interpretation of this article.

A fair summary of the testimony concerning the partnership and its dissolution is as follows: Appellee's manager, Mr. Kirby, admits he did not know whether appellant's company was a partnership when it first began doing business with them. He stated that he first became aware of the partnership in 1974 after it had been dissolved. He further explained that if he had known of the dissolution he would have investigated the matter and that it would have made a "whole lot" of difference to his company.

Appellant strongly contends that since the partnership had been terminated before the inception of the debt, he should not be personally liable. As a general rule this would be true where notice of the dissolution has been given to third parties who had dealings with the partnership. On the other hand, absent any notice of dissolution, appellant can not escape personal liability for the subject debt unless he can show that prior to dissolution, he had been "So far unknown and inactive in partnership affairs that the business reputation of the partnership could not be said to have been in any degree due to his connection with it." Article 6132b, Sec. 35(2)(b). The facts before us show that appellee did business with the company prior to the partnership dissolution; that appellant was known as Wolfe Construction Company; that the company was composed of two brothers, Nick and Charles R. Wolfe; that either man had authority to purchase seed; and that both men bought and paid for the seed. Appellant denies receiving any benefit from these transactions personally, but admits the partnership could have purchased the seed and benefited from it. Business was continued by appellant under the same name of Wolfe Construction Company, Nick Wolfe still worked for the company and no notice of partnership dissolution was sent to appellee. Appellant's reputation was relied on in transactions with appellee, and even in the absence of any partnership agreement parties may be bound as partners as to third parties. *Edwards v. West Texas Hospital*, 89 S.W.2d 801 (Tex.Civ.App.—Amarillo 1935, dismissed).

The judgment of the trial court is affirmed.

COLEMAN, C. J., and PEDEN, J., also sitting.